UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BO AVERY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TEKSYSTEMS, INC.,<br><br>    Defendant. | Case No. 22-cv-02733-JSC<br><br>**ORDER REGARDING MOTION TO DISMISS, STAY, OR TRANSFER**<br><br>Re: Dkt. No. 21 |

This matter comes before the Court upon the motion to dismiss, stay, or transfer filed by defendant TEKsystems, Inc. ("TEKsystems" or "Defendant"). Having carefully considered the parties' briefing and oral arguments, the Court DENIES the motion for the reasons stated below.

## BACKGROUND

Defendant is a corporation organized under the laws of the State of Maryland with a corporate headquarters located in Hanover, Maryland. (Dkt. No. 1 at 6.)[1] Plaintiffs Bo Avery, Phoebe Rodgers, Kristy Camilleri, and Jill Unverferth ("Plaintiffs") worked as recruiters for Defendant in California. (Dkt. No. 1-1 ¶¶ 30–46.) Plaintiffs allege Defendant engaged in a series of violations of the California Labor Code (the "Labor Code") and California's Unfair Competition Law ("UCL"). (*Id.* ¶¶ 69–101.)

### I. The *Thomas* Action

On April 9, 2021, a group of TEKsystems recruiters filed a complaint in the Western District of Pennsylvania (the "*Thomas* action"). (Dkt. No. 21 at 6.) The *Thomas* plaintiffs alleged Defendant failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and Pennsylvania wage laws. (Dkt. 21-1 ¶ 5.) The *Thomas* parties issued a stipulated notice to the

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case No. 22-cv-2733, unless otherwise noted; pinpoint citations are to the ECF-generated page numbers.

putative collective under the FLSA. (*Id.* ¶¶ 9–11.) To date, 631 former and current TEKsystems recruiters have opted into the case. Of those 631 recruiters, 69 worked in California.[2] (*Id.* ¶ 11.) Of the California-based plaintiffs, 17 were selected to submit written discovery in *Thomas*.

In January 2022, the *Thomas* plaintiffs filed a First Amended Complaint. (*Id.* ¶ 15.) The *Thomas* FAC added claims under the state laws of Massachusetts, New York, and Washington. (*Id.*) The *Thomas* court set a fact discovery deadline of October 27, 2022, and an expert discovery deadline of January 27, 2023. (*Id.* ¶ 16.) The parties have exchanged documents and have discussed the possibility of an extension of discovery deadlines. (Dkt. No. 28 at 8.)

## II.    The Avery Action

Plaintiffs initially opted into the *Thomas* action. (Dkt. No. 21-1 ¶¶ 12–13.) In late January 2022, however, Plaintiffs opted out of the *Thomas* action and filed this action in California state court. (Dkt. No. 21 at 9–10.) The same counsel represents both the *Avery* and *Thomas* plaintiffs. (*Id.* at 8.) In *Avery*, Plaintiffs bring seven claims on behalf of themselves and a putative class of recruiters who work or worked for Defendant in California. Plaintiffs allege: (1) unpaid overtime; (2) failure to pay timely wages upon termination; (3) failure to maintain timely, accurate, itemized wage statements; (4) meal break violations; (5) rest break violations; (6) violation of California's UCL; and (7) liability for civil penalties under California's Private Attorney General Act ("PAGA"). (Dkt. No. 1-1 at 9–14.) Defendant removed the case to this court and moves to dismiss, stay, or transfer the *Avery* action. (Dkt. Nos. 1, 21.)

## DISCUSSION

Defendant argues the *Avery* action should be transferred, dismissed, or stayed pursuant to the "first-to-file" rule. In the alternative, Defendant argues that transfer is appropriate under 28 U.S.C. § 1404(a). Plaintiff contends (1) the "first-to-file" rule does not apply; and (2) the Court cannot transfer the *Avery* action to the Western District of Pennsylvania under § 1404(a) or the first-to-file rule because the *Avery* action could not have been initially filed in that district. The Court considers each issue in turn.

---

[2] Plaintiff states that 595 recruiters responded within the 90-day notice period, 63 of whom worked in California. (Dkt. No. 28 at 14.)

## I. The First-to-File Rule

The first-to-file rule is a "generally recognized doctrine of federal comity" that allows a district court to decline jurisdiction over an action "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94–95 (9th Cir. 1982) (citations omitted). Pursuant to the rule, "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Id.* However, this rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Id.*

In applying the first-to-file rule, courts look to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 625 (9th Cir. 1991). If the case meets these requirements, the court has the discretion to transfer, stay, or dismiss the second-filed action. *See id.* at 628–29. But a district court applying the first-to-file rule may only transfer an action to another federal judicial district if that transfer meets the requirements of 28 U.S.C. § 1404(a). *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018). Moreover, even where the rule would otherwise apply, a court has discretion to "dispense" with its application "for reasons of equity." *Alltrade,* 946 F.2d at 628.

There is no dispute that the *Thomas* action predates the *Avery* action. (Dkt. No. 21 at 10; Dkt. No. 28 at 8.) Thus, this first factor weighs in favor of applying the first-to-file rule. *See Alltrade*, 946 F.2d at 625. However, there is a dispute as to (1) the similarity of the parties and (2) the similarity of the issues between the *Thomas* action and the *Avery* action.

### A. Similarity of Parties

"The first-to-file rule requires only substantial similarity of parties," not "exact identity[.]" *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). In analyzing class actions, most courts compare the classes, not their representatives, even when certification has not yet taken place. *Compare Hill v. Robert's Am. Gourmet Food, LLC*, 2013 WL 3476801, at *3 (N.D. Cal. July 10, 2013) (citing this approach as "the more widely accepted

3

rule"); *with Lac Anh Le v. Pricewaterhousecoopers LLP*, 2008 WL 618938, at *1 (N.D. Cal. Mar. 4, 2008) (denying motion for stay without prejudice pending resolution of class certification motions in the first filed case). The class-similarity approach is appropriate here because it is more efficient to consider first-to-file issues now, rather than after further litigation regarding certification. *See Kohn*, 787 F.3d at 1240 ("When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity.")

Here, because the period to join the *Thomas* action has closed, the proper comparators are the putative class in *Avery* and the opt-in collective of plaintiffs in *Thomas* as it stands today—not the entire putative *Thomas* collective. *See*, *e.g.*, *Gardner v. GC Services, LP*, 2010 WL 2721271, *5 (S.D. Cal. July 6, 2010) ("the focus is on the composition of the two classes at this point.") The parties agree that the putative *Avery* class comprises at least 482 similarly situated recruiters. (Dkt. No. 21 at 8; Dkt. No. 28 at 14.) Of those 482 recruiters, Defendant represents that 66 joined the *Thomas* action before the opt-in period closed. (Dkt. No. 21 at 8.) Plaintiff puts the number at 63. (Dkt. No. 28 at 14.) In either case, the overlap in potential plaintiffs between the two actions is roughly 13%. TEKsystems is the sole defendant in both actions.

Defendant relies on a series of district court cases that found similarity between classes where "some parties in one matter are also in the other matter." (Dkt. No. 29 at 10) (quoting *Intersearch Worldwide, Limited. v. Intersearch Group., Inc.*, 544 F. Supp. 2d 949, 959, n.6 (N.D. Cal. 2008)). Based on this reasoning, Defendant urges the Court to find the 13% overlap here meets the substantial similarity standard and justifies staying or transferring the *Avery* action. (Dkt. No. 29 at 10.)

The Court disagrees. To be sure, there is some overlap between the putative class in *Avery* and the opt-in collective in *Thomas*. But the first-to-file rule is not to be "mechanically applied" whenever there is some overlap between parties in litigation. *Pacesetter,* 678 F.2d at 95. Here, 13% overlap is not "significant similarity." Rather, 87% of the putative *Avery* class is not and will not be represented in the *Thomas* action. These putative plaintiffs represent an overwhelming majority of the *Avery* class and would not be precluded by any finding in the *Thomas* Action. Thus, pausing or transferring the *Avery* action would not promote efficiency.

1    Defendant's contrary case law is unpersuasive. For example, in *Hill*, the first-filed action's
2    California sub-class entirely subsumed the proposed class in the later action. *Hill*, 2013 WL
3    3476801, at *4. Not so here. Indeed, the proposed classes in most "substantial similarity" cases
4    vary in only minor dimensions—such as the start of the class period. *See*, *e.g.*, *Ruff v. Del Monte*
5    *Corp.*, 2013 WL 1435230, at *2–3 (N.D. Cal. Apr. 9, 2013) (finding all three actions brought
6    claims on behalf of nationwide classes that are substantially similar in scope). Here, by contrast,
7    there is only minimal overlap among the plaintiffs in the two actions.
8    In sum, "[t]here is undoubtedly some overlap between the parties in the two cases, but that
9    overlap is not so significant as to mandate" application of the first-to-file rule here. *Brice v. Plain*
10   *Green, LLC*, 372 F. Supp. 3d 955, 976 (N.D. Cal. 2019*), rev'd on other grounds sub nom. Brice v.*
11   *Haynes Invs., LLC*, 13 F.4th 823 (9th Cir. 2021), *reh'g en banc granted, opinion vacated sub*
12   *nom. Brice v. Plain Green, LLC*, 35 F.4th 1219 (9th Cir. 2022).
13   **B.     Similarity of Issues**
14   Likewise, the issues here are distinct such that it would not serve judicial efficiency to
15   apply the first-to-file rule. "The issues in both cases also need not be identical, only substantially
16   similar." *Kohn*, 787 F.3d at 1240. "To determine whether two suits involve substantially similar
17   issues, we look at whether there is 'substantial overlap' between the two suits." *Id.* (quoting
18   *Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999)). Here,
19   there is no "substantial overlap" between the suits for two reasons.
20   First, the two cases do not share any common causes of action. The *Thomas* action asserts
21   violations of the overtime provisions in the FLSA and the laws of Massachusetts, Washington, and
22   New York. (Dkt. No. 21-1 ¶ 15.) The *Avery* action asserts causes of action solely grounded in
23   California law. (Dkt. No. 1-1 at 9–14.) Defendant cites no cases in which a court applied the
24   first-to-file rule absent overlapping claims. Rather, each case Defendant cites had explicit overlap
25   of claims. *See*, *e.g.*, *Hoyt v. Amazon.com, Inc.*, 2019 WL 1411222, at *5 (N.D. Cal. Mar. 28,
26   2019) (applying rule where both cases had PAGA claims); *Herrera v. Wells Fargo Bank, N.A.*,
27   2011 WL 6141087, at *2 (N.D. Cal. Dec. 9, 2011) (applying rule where both cases had FLSA
28   claims); *Fossum v. N.W. Mut. Life Ins. Co.*, 2010 WL 11054415, at *2 (N.D. Cal. Sept. 16, 2010)

(applying rule where both cases brought California Labor Code claims).

Second, this action does not require this Court to decide "the issue to be determined" in the *Thomas* action. *Kohn*, 787 F.3d at 1241. Defendant asserts that the two actions here share the same central question—whether Defendant properly classified its recruiters as exempt from the relevant overtime laws under administrative exemptions to the California Labor Code and the FLSA. But the California exemption is narrower than the FLSA exemption. *Compare* Cal. Code Regs. tit. 8, § 11040(1.)(A)(2)(a)–(g) *with* 29 C.F.R. § 541.200. For example, California's exemption is triggered at a different wage threshold than FLSA exemption. *Id.* Thus, the result in *Thomas* will not lead to issue preclusion here and it would not serve judicial efficiency to apply the first-to-file rule here.

\* \* \*

In sum, this is not a typical first-to-file case. At its core, the first-to-file rule avoids "having the same parties litigating the same issues in two different federal courts race to see which court first enters a final preclusive judgment." *Hoyt v. Amazon.com, Inc.*, 19-CV-00218-JSC, 2019 WL 1411222, at \*6 (N.D. Cal. Mar. 28, 2019). Because the parties and issues between the *Thomas* and *Avery* actions are not "substantially similar," neither action will create a final preclusive judgment. Staying, transferring, or dismissing this matter would not lead to any efficiency. Rather, applying the rule here would merely delay Plaintiffs' ability to pursue their independent case. Such a delay is not "consistent with the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. Therefore, the Court declines to apply the first-to-file rule here.

**II. Motion to Transfer**

In the alternative, Defendant moves to transfer this case to the Western District of Pennsylvania—the forum hearing the *Thomas* action—under 28 U.S.C. § 1404(a). Under that statute, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary

inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (cleaned up).

"[T]he district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (cleaned up). When assessing convenience, the Court may consider:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum.

*Easton v. Wells Fargo & Co.*, 2020 WL 3639934, at *2 (N.D. Cal. July 6, 2020). Because "great weight is generally accorded plaintiff's choice of forum," *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), the burden is on the movant to demonstrate that jurisdiction and proper venue would exist in the district to which a transfer is requested and that the balance of conveniences favors transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

These traditional convenience factors weigh against transfer. The case "finds its center of gravity" in California—where Plaintiffs reside, where they worked for Defendant, and where the courts are more familiar with California law. *Johns v. Panera Bread Co.*, 2008 WL 2811827, at *5 (N.D. Cal. July 21, 2008) (cleaned up). There is no local interest in this controversy in Pennsylvania. Nor is that district Defendant's home district. Any potential efficiency gains due to the *Thomas* litigation are outweighed by Plaintiffs' choice of forum. *Belzberg*, 834 F.2d at 739.

In addition, it is unclear whether the Western District of Pennsylvania would have jurisdiction to hear this matter. Defendant contends that court has general jurisdiction over TEKsystems because (1) TEKsystems registered to do business in Pennsylvania and (2) Pennsylvania courts have general jurisdiction over foreign companies registered to do business in Pennsylvania. (Dkt. No. 29 at 7) (citing 42 Pa. C.S. § 5301(a)(2)(i)–(iii)). But this "consent by registration" argument rests on uneasy ground. *Compare Tupitza v. Texas Roadhouse Mgt. Corp.*, 2020 WL 6268631, at *3, n.4 (W.D. Pa. Oct. 21, 2020) (collecting cases upholding the scheme) *with Mallory v. Norfolk S. Ry. Co.*, 266 A.3d 542 (Pa. 2021), *cert. granted*, 142 S. Ct. 2646 (2022)

(finding the Pennsylvania scheme unconstitutional). Recently, the Supreme Court granted certiorari to resolve the question of whether the due process clause prohibits consent-by-registration statutes. *Id.* To transfer this case amid such procedural uncertainty risks future litigation over jurisdictional issues. By contrast, there is no question that this Court is a valid venue in which to hear this matter.

In sum, both the convenience factors and the jurisdictional uncertainty in the Western District of Pennsylvania persuade this Court that transfer is inappropriate here.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, stay, or transfer this matter is DENIED. The Initial Case Management Conference is reset for October 13, 2022, at 1:30 p.m. via Zoom webinar. A Joint Case Management Statement is due by October 6, 2022.

This Order resolves Dkt. No. 21.

**IT IS SO ORDERED.**

Dated: August 31, 2022

JACQUELINE SCOTT CORLEY
United States District Judge