Sarah R. Schalman-Bergen (*pro hac vice* pending)
Krysten Connon (*pro hac vice*)
**Lichten & Liss-Riordan, P.C.**
729 Boylston Street, Suite 2000,
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-580
kconnon@llrlaw.com
ssb@llrlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BO AVERY, PHOEBE RODGERS, KRISTY CAMILLERI AND JILL UNVERFERTH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>TEKSYSTEMS, INC.,<br><br>Defendant. | Case No.: 3:22-cv-02733-JSC<br><br>**DECLARATION OF SARAH SCHALMAN-BERGEN IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Jacqueline Scott Corley |

I, Sarah Schalman-Bergen, declare as follows:

1. I am a partner at the law firm of Lichten & Liss-Riordan, P.C. ("LLR"), and I represent Plaintiffs Bo Avery, Phoebe Rodgers, Kristy Camilleri and Jill Unverferth ("Plaintiffs") and the proposed class in this action.

2. I am barred in Pennsylvania, and I am admitted to practice in the U.S. Supreme Court; U.S. Court of Appeals for the Third, Fourth, Sixth, Eighth, Ninth, and Eleventh Circuits; U.S. District Courts for the Eastern, Middle, and Western Districts of Pennsylvania, District of Colorado, Eastern and Western Districts of Arkansas, Northern District of New York, Northern District of Illinois, Southern District of Indiana, Northern District of Ohio, Eastern District of Michigan, District of

Nebraska, Western District of Tennessee, Southern, Western and Eastern Districts of Texas; and the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

3. The facts contained in this declaration are within my personal knowledge, and I could and would testify truthfully to these facts if called to do so under oath.

4. I submit this declaration to provide the Court with information relevant to LLR'S qualifications to serve as "class counsel" per Federal Rule of Civil Procedure 23(g)(1) in this class action lawsuit.

5. My firm, Lichten & Liss-Riordan, P.C., along with my co-counsel at Werman Salas PC, represent Plaintiffs and the proposed class in this matter.

6. Lichten & Liss-Riordan, P.C. is a nationally recognized law firm dedicated to vindicating the rights of workers. The firm has pioneered the law on behalf of tipped employees who have been deprived of their gratuities, or the proceeds of service charges, in states throughout the country, including in this court, in California, Massachusetts, New York, Florida, and Hawaii. It has brought landmark litigation on behalf of Uber drivers, as well as workers for other so-called "gig economy" companies, and it has established and won numerous cases on behalf of workers who have been misclassified as independent contractors throughout the country, in a wide variety of industries, including the trucking, limo, cleaning, adult entertainment, cable installer, and call center industries. Our firm has consistently been ranked in recent years in the top tier for our practice area in Best Lawyers in America (Chambers). Shannon Liss-Riordan, one of the named partners at our firm, was referred to in the 2013 edition as "*the reigning plaintiffs' champion*", and the 2015 edition said that she was "*probably the best known wage class action lawyer on the plaintiff side in this area, if not the entire country*".

7. I am a partner at Lichten & Liss-Riordan representing workers in disputes against their employers and I primarily concentrate my practice on wage and hour class and collective actions arising under the Fair Labor Standards Act and related state laws across the country. My primary practice area is employment law, and I have substantial experience litigating complex wage and hour class and collective litigations in the federal courts across the country, including for claims involving unpaid wages similar to the claims at issue in this matter. I have dedicated my career to

creating systemic change for workers and individuals who are not being treated fairly. I have secured numerous significant settlements for the workers I represent, totaling well over $100 million. While representing workers in all types of industries, I have successfully challenged unlawful business practices involving last-mile logistics companies, cable installation companies, home health aide companies, meat and poultry plants, landscaping companies, in white collar jobs, and in the government. This litigation has resulted both in payment of back wages and in practice changes by the companies.

8.  I am a 2007 graduate of Harvard Law School, where I graduated *cum laude*. I joined LLR in January 2021. Prior to joining LLR in 2021, I was a Shareholder at Berger Montague PC for more than a decade, where I served as Co-Chair of the Employment Rights Department. Prior to joining Berger Montague PC, I worked as an associate in the commercial litigation department of a law firm. I routinely speak at conferences on issues relating to workers' rights.

9.  Krysten Connon also represents the workers in this matter. Ms. Connon has represented workers from a variety of backgrounds and in various industries, including cable and satellite installers, delivery drivers, and nurses. Ms. Connon graduated *summa cum laude* from the Drexel University Thomas R. Kline School of Law in 2012, and I am a Phi Beta Kappa graduate of the University of Maryland. Following law school, Ms. Connon served as a federal judicial law clerk before joining the commercial litigation department of a national law firm, then Pepper Hamilton LLP, where she represented clients in complex commercial litigation and arbitration matters. Ms. Connon also worked as a Staff Attorney at Women Against Abuse, where she litigated cases originating as domestic violence matters. Ms. Connon was named a Pennsylvania Rising Star in 2020 and 2021 by Thomson Reuters' Super Lawyers. Prior to joining Lichten & Liss-Riordan, Ms. Connon worked as an attorney in the Employment Rights Group of Berger Montague.

10. We have received high judicial praise for our legal representation of workers. For example, in a case involving home health aide workers unlawfully denied overtime pay, Judge Timothy R. Rice, United States Magistrate Judge for the U.S. District Court for the Eastern District of Pennsylvania, described me and my colleagues as "some of the finest legal representation in the nation," who are "ethical, talented, and motivated to help hard working men and women." *Gonzalez*

*v. Veritas Consultant Group, LLC, d/b/a Moravia Health Network*, No. 2:17-cv-1319-TR (E.D. Pa. March 13, 2019). *See also Acevedo v. Brightview Landscapes, LLC*, No. 3:13-cv-2529, 2017 WL 4354809 (M.D. Pa. Oct. 2, 2017) (Mannion, J.) ("The court is confident that [class counsel] are highly skilled in FLSA collective and hybrid actions, as seen by their dealings with the court and the results achieved in both negotiating and handling the settlement to date.").

11. Lichten & Liss-Riordan is also routinely appointed as class counsel in wage and hour class and collective actions around the country, including in California. *See, e.g., James v. Uber Techs. Inc.*, No. 19-CV-06462-EMC, 2021 WL 254303, at *11 (N.D. Cal. Jan. 26, 2021); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 5138097, at *1 (N.D. Cal. Sept. 1, 2015), rev'd on other grounds, 904 F.3d 1087 (9th Cir. 2018); *Brown v. Synctruck*, MSC18-02499 (Contra Costa Cty.); *see also Smith v. Allegheny Technologies, Inc.*, No. 2:19-cv-00147, 2023 WL 2532262 (W.D. Pa. Feb. 22, 2023) (certifying litigation class in wage and hour action asserting unpaid wages and appointing Sarah Schalman-Bergen at Lichten & Liss-Riordan class counsel); *Scovil v. FedEx Ground Package Sys., Inc.*, 886 F. Supp. 2d 45, 47 (D. Me. 2012) ("Harold Lichten of the firm of Lichten & Liss–Riordan, P.C. has extensive experience in class action litigation, employment litigation…."); *Tavares v. S-L Distribution Co., Inc.,* 2016 WL 1743268, at *3 (M.D. Pa. May 2, 2016) (finding counsel at Lichten & Liss-Riordan … to have "considerable experience in employment rights litigation"); *Carrow v. FedEx Ground Package Sys., Inc.*, 2019 WL 7184548 (D.N.J. Dec. 26, 2019) (appointing attorneys at Lichten & Liss-Riordan as class counsel in wage-and-hour case in New Jersey); *Myers v. Jani-King of Philadelphia, Inc. et al.*, 2015 WL 1055700, * (E.D. Pa. Mar. 11, 2015) (appointing attorneys at Lichten & Liss-Riordan as class counsel in wage-and-hour case in Pennsylvania); *see also*; *Mujo v. Jani-King Int'l, Inc.*, No. 3:16-CV-1990 (VAB), 2019 WL 145524, at *1 (D. Conn. Jan. 9, 2019); *DaSilva v. Border Transfer of MA, Inc.*, 296 F. Supp. 3d 389 (D. Mass. 2017); *Vargas v. Spirit Delivery & Distribution Servs., Inc.*, 245 F. Supp. 3d 268 (D. Mass. 2017); *De Giovanni v. Jani-King Int'l, Inc.*, 262 F.R.D. 71 (D. Mass. 2009).

12. Lichten & Liss-Riordan routinely obtains important decisions on behalf of workers, across the country, including in California. For example, in a case that my firm litigated against Coverall in Massachusetts, we achieved class certification and summary judgment under an "ABC"

test identical to the one utilized in California. *Awuah v. Coverall N. Am., Inc.*, 707 F. Supp. 2d 80 (D. Mass. 2010). The California Supreme Court cited this decision in its landmark *Dynamex* decision. *Dynamex Operations W. v. Superior Ct.*, 4 Cal. 5th 903, 963, 416 P.3d 1, 40 (2018); *see also Juarez v. Jani-King of California, Inc.*, 728 F. App'x 755 (9th Cir. 2018) (obtaining reversal at the Ninth Circuit of summary judgment and subsequently reaching a favorable settlement); *See also Roes, 1-2 v. SFBSC Management, LLC*, 2019 WL 6721190 (9th Cir., Dec. 11, 2019) (agreeing with our objection to a class settlement, reversing approval where the settlement included a reversion, an inadequate notice process, and provided less than 4% recovery of potential classwide damages on primary claims); *Haitayan v. 7-Eleven, Inc.* No. 18-55462 (9th Cir. 2019) (reinstating wage claims against 7-Eleven and reversing district court's denial of injunction for plaintiffs and potential class members facing choice of pursuing wage claims or keeping their jobs); *Maplebear dba Instacart v. Busick*, 26 Cal.App.5th 394 (2018) (rejecting attempt to vacate arbitrator award certifying wage class action on behalf of Instacart drivers); *Khanal v. San Francisco Hilton, Inc.*, No. 15-15493 (9th Cir. 2017) (reversing order holding wage claims brought by union employees preempted by LMRA); *Williams v. Jani–King of Philadelphia Inc.*, 837 F.3d 314 (3d Cir. 2016) (affirming class certification in case challenging cleaning workers' classification as independent contractor "franchisees" under Pennsylvania law); *Marzuq v. Cadete Enterprises, Inc.*, 2015 U.S. App. LEXIS 21301 (1st Cir. 2015) (Dunkin Donuts general managers could be eligible for overtime pay by proving management was not their primary duty, distinguishing 1982 First Circuit *Burger King* precedent, which had held fast food managers to be overtime-exempt); *Travers v. Flight Systems & Services*, 2015 U.S. App. LEXIS 21671 (1st Cir. 2015) (affirming jury verdict in favor of skycap who was terminated in retaliation for leading class action wage complaint challenging policy affecting skycaps' tips and reinstating claim for front pay); *Villon v. Marriott*, Hawaii Supreme Court No. 11-747 (July 15, 2013) (holding that wait staff employees could recover under Hawaii wage law for service charges not remitted to them); *Depianti v. Jan-Pro Franchising International, Inc.,* 465 Mass. 607 (2013) (Massachusetts Supreme Judicial Court held that national company could not evade liability for independent contractor misclassification by virtue of it not having direct contracts with the workers); *Taylor v. Eastern Connection Operating, Inc.,* 465 Mass. 191 (2013) (SJC held Massachusetts

1  independent contractor law applicable to work performed in New York for Massachusetts company); *Matamoros v. Starbucks Corp.,* 699 F.3d 129 (1st Cir. 2012) (holding that Starbucks violated Massachusetts Tips Law by allowing shift supervisors to share in tip pool); *DiFiore v. American Airlines, Inc.,* 454 Mass. 486 (2009) (SJC held airline liable for Tips Law violation despite fact that skycap employees were directly employed by an intermediary company), rev'd on federal preemption grounds, (1st Cir. 2011) 646 F.3d 81, *cert. denied* (2011) 132 S. Ct. 761; *Skirchak v. Dynamics Research Corporation,* 508 F.3d 49 (1st Cir. 2007) (First Circuit struck down class arbitration waiver in employer's arbitration policy).

   13. Along with our co-counsel at Werman Salas, we have provided zealous, competent representation of our clients and the proposed class throughout these proceedings. We have represented the workers throughout on a contingent basis, and have, through our law firms, advanced significant costs to prosecute claims on their behalf, and will continue to do so as this litigation proceeds. We have no known conflicts of interest that would or have impaired my ability to serve as class counsel.

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

  Executed this 6th day of October in Philadelphia, Pennsylvania.

                     Sarah R. Schalman-Bergen