Rachel Bien (SBN 315886)
OLIVIER & SCHREIBER LLP
595 E. Colorado Blvd., Suite 418
Pasadena, CA 91101
Tel: (213) 325-3430
Email: rachel@os-legal.com

Sally J. Abrahamson (admitted *pro hac vice*)
WERMAN SALAS P.C.
335 18th Place NE
Washington, D.C. 20002
Tel: (202) 830-2016
Email: sabrahamson@flsalaw.com

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BO AVERY, PHOEBE RODGERS, KRISTY CAMILLERI AND JILL UNVERFERTH, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>TEKSYSTEMS, INC.,<br><br>　　　　　　Defendant. | Case No. 3:22-cv-02733-JSC<br><br>**PLAINTIFFS' MOTION FOR APPROVAL OF PLAINTIFFS' PROPOSED CLASS NOTICE**<br><br>Date:　　　March 14, 2023<br>Time:　　　1:30 p.m.<br>Courtroom: Zoom videoconference<br><br>Judge: Hon. Jacqueline Scott Corley |

## Introduction

On February 13, 2024, the Court granted Plaintiffs' motion for class certification and certified a class of all current and former Recruiters employed by TEKsystems, Inc. ("Defendant") in California from January 28, 2018 to the final date of judgment; and subclass of all class members who worked for Defendant as Recruiters on or after January 28, 2019 and who are no longer employed by Defendant and have not been employed by Defendant for more than 72 hours. *Avery v. TEKsystems, Inc.*, No. 22 Civ. 02733, 2024 WL 590364, at *15 (N.D. Cal. Feb. 13, 2024). The Court instructed the Parties to confer regarding a proposed class notice. *Id.*

The Parties conferred regarding the class notice and were able to reach consensus on most of the notice's content.[1] However, the Parties are at impasse with respect to three issues: (1) whether the notice should include information regarding Defendant's "Mutual Arbitration Agreement"; (2) whether the notice should include information regarding how Class Counsel will be paid; and (3) whether the notice should include an exclusion form.

Because Defendant previously issued misleading ex parte communications to currently employed Recruiters, it is especially important here that the Class Notice include clear and accurate information about how its arbitration agreement affects Recruiters' rights and how class counsel are paid. Further, an exclusion form would likely create confusion and should not be included. Plaintiffs set forth their positions in more detail below and respectfully request the Court approve Plaintiffs' proposed Class Notice, which is attached as Exhibit A.[2]

## Argument

**I.    The Class Notice Should Include Information Regarding the Effects of TEKsystems' "Mutual Arbitration Agreement" on Class Participation.**

Given Defendant's multiple ex parte communications to currently employed Recruiters regarding its arbitration program and its derogatory and misleading comments about class actions and class action attorneys, it is imperative the Class Notice include information that *all* current

---

[1]    The Parties are also in agreement with respect to the notice process: the notice will be mailed and emailed and Class Members will have 60 days to opt out.
[2]    Plaintiffs have redlined the portions of the Class Notice that are in dispute.

| Plaintiffs' Motion for Approval of Plaintiffs' Proposed Class Notice | 1 | Case No. 3:22-cv-02733-JSC |

1  Recruiters are part of the class irrespective of Defendant's recently distributed arbitration agreement. *See* Ex. A (Pls.' Proposed Notice) § 8.

As the Court is aware, only five days after the Parties completed briefing on Plaintiffs' motion for class certification, Defendant rolled out arbitration agreements with broad class action waivers, encompassing this case, to currently employed Recruiters through a campaign of misleading and coercive communications about the lawsuit and the "wasteful[ness]" of litigation in Court. *See* ECF Nos. 73 & 77. In Defendant's ex parte communications to current Recruiters regarding its arbitration agreement, it stated that "**unless you separate from your employment with TEKsystems before January 1, 2024, or take action as described below before January 9, 2024, TEKsystems will take the position in *Avery* that, if a class is certified, you could not be a part of it and that you can bring claims only in individual arbitration**." ECF No. 73-3 at 3. While this may be Defendant's position, it does not reflect that current posture of the case. All Recruiters who worked during the relevant period are part of the Class. *Avery*, 2024 WL 590364, at *15; Ex. B (Ct. Tr.) 2:16-3:10. Class Counsel represents all Class Members and Class Members should receive accurate notice of that fact.

Not only did Defendant represent that it would bar Recruiters subject to its "Mutual Arbitration Agreement" from participating in the class action, it also made multiple misleading, derogatory, and coercive statements to currently employed Recruiters. *See, e.g.,* ECF No. 76-1 at 19 (Mutual Arbitration FAQ) ("Can I still get the same result that I would have been able to get in court for my individual claims?" "Yes. The arbitrator will have the same authority to award all the same remedies that would have been available to you in court on an individual claim. But you will not have the right to proceed on a class-wide claim (**which generally tends to enrich attorneys, not individual class members**).") (emphasis added), at 20 ("Does this require us to waive class claims? Why is that a requirement?" "Yes. To the extent you have one of the covered claims, the Company cares about resolving your claim specifically and thoroughly. **A class claim requires the Company to ignore individual employee issues and concerns. Additionally, attorneys, not employees, are often the biggest winners in class actions, often charging exorbitant fees to**

1  **both the class and the employer involved, reducing the money actually received by class**
2  **members.**") (emphasis added).

3  These statements are false. As a preliminary matter, class actions do not require employers to ignore individual employee issues and concerns. This misleading statement is aimed at souring Recruiters on class actions. If Defendant decides to ignore individual employment issues, that is a decision that is separate and apart from this class action. In fact, the Court has found that in this case, a class action is superior to "other available methods." *Avery*, 2024 WL 590364, at *13 (N.D. Cal. Feb. 13, 2024). Further, at the Court's January 4, 2024 hearing on Plaintiffs' Emergency Motion for Protective Order, the Court stated "I was troubled" by some of Defendant's communications to current Recruiters and noted that should Plaintiffs prevail on their motion for class certification, corrective notice could potentially issue with the Class Notice. Ex. B (Ct. Tr.) at 3:13-4:4.

Plaintiffs' proposed language provides an accurate summary of the effects of Defendant's arbitration agreement on this case, the Parties' respective positions, and even notifies Class Members that Defendant plans to file a motion to compel arbitration. *See* Ex. A (Pls.' Proposed Notice) at § 8. It also correctly instructs Class Members with any questions regarding the arbitration agreement and its effect on this case to contact Class Counsel, as Class Members are now represented individuals. The only reason for Defendant to oppose the inclusion of Section 8 is to continue to mislead Recruiters by suggesting that they are no longer part of the Class and do not have legal representation. As such, Plaintiffs respectfully request the Court order the inclusion of their proposed Section 8.

**II.    The Class Notice Should Include Information Regarding How Class Counsel Will be Compensated.**

Plaintiffs propose the Class Notice include a three-sentence summary of how Class Counsel will be compensated so to avoid confusion or fear among Class Members that they could personally be liable for attorneys' fees. *See* Ex. A (Pls.' Proposed Notice) at § 13. Plaintiffs' proposed language reflects the language included in the Federal Judicial Center's model

1  employment class action notice.³  Further, Defendant has espoused misinformation to currently
2  employed Recruiters regarding how class action attorneys are compensated.  *See supra* § I.
3  Because of Defendant's misinformation, it is important that the Class Notice clearly states how
4  Class Counsel will be compensated.  Notably, this Court has approved a class notice with
5  substantially similar language. *See, e.g.*, Ex. C (*DiMercurio v. Equilon Enterprises LLC* Order)
6  (Corley, J.); Ex. D (*DiMercurio v. Equilon Enterprises LLC* Proposed Class Notice).

7        The only possible motivation Defendant could have to exclude this routine language about
8  how Class Counsel is compensated is to deter Recruiters from remaining in the Class.  Contrary to
9  Defendant's representations, there are many ways class counsel can be compensated – for instance,
10 if Plaintiffs win in litigation and the Parties do not settle, Defendant will be liable for Class
11 Counsel's attorneys' fees separately from the damages assessed for the Class Members.  *See, e.g.*,
12 Lab. Code § 1194 ("any employee receiving less than . . . the legal overtime compensation
13 applicable to the employee *is entitled* to recover in a civil action the unpaid balance of the full
14 amount of . . . overtime compensation, including interest thereon, *reasonable attorney's fees*, and
15 costs of suit.") (emphasis added); Lab. Code § 218.5 ("In any action brought for the nonpayment
16 of wages, . . . the court *shall* award reasonable attorney's fees and costs to the prevailing party if
17 any party to the action requests attorney's fees and costs upon the initiation of the action. However,
18 if the prevailing party in the court action is not an employee, attorney's fees and costs shall be
19 awarded pursuant to this section only if the court finds that the employee brought the court action
20 in bad faith.") (emphasis added).

21       The Class Notice should contain information about how Class Counsel is compensated to
22 ensure Class Members are provided with *accurate* information.

23 **III.    An Exclusion Form Would Likely Cause Confusion.**

24       Plaintiffs' proposed Class Notice contains clear instructions about how to request to be
25 excluded from the Class.  *See* Ex. A (Pls.' Proposed Notice) § 10.  It fully complies with Rule 23,

---

³   https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf at § 19.

which requires only that the class members receive notice that explains in "plain, easily understood language . . . that the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B).  Plaintiffs' proposed notice is based on similar language that has been approved by courts (including this one) and complies with the Rule's requirements. *See, e.g.,* Ex. C (*DiMercurio v. Equilon Enterprises LLC* Order) (Corley, J.); Ex. D (*DiMercurio v. Equilon Enterprises LLC* Proposed Class Notice) §§ 13-14.

Defendant insists that Plaintiffs must include a separate form request for exclusion to send to Class Members.  Defendant's position should be rejected.  In addition to unnecessarily increasing the Class Notice costs, this request is a blatant attempt by Defendant to encourage and facilitate Class Members – many of whom it continues to employ – excluding themselves from the case.  This attempt should not be sanctioned by the Court, especially here where many class members still rely on Defendant for employment and Defendant has already taken steps to dissuade or block participation in this case.

"Courts have often refused to allow an opt-out form to be included with a class notice . . . because the approach creates more confusion than it remedies." *In re Prudential Ins. Co. of America Sales Practices Litig.*, 962 F. Supp. 450, 531 (D.N.J. 1997) (collecting cases); *see also Krzesniak v. Cendant Corp.*, No. 05 Civ. 05156, 2007 WL 4468678, at *3 (N.D. Cal. Dec.17, 2007) ("the Court finds that on balance, such a separate form will 'engender confusion' and may encourage class members to 'unwittingly opt out of the class.'") (quoting *Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D.Cal.1988)); *Whiteway v. FedEx Kinkos Off. & Print Servs.*, No. 05 Civ. 2320, 2007 WL 1381514, at *1 (N.D. Cal. May 8, 2007) (denying defendant's request for an exclusion form because defendant did not show it is best practice).[4]

---

[4]   *See also Senne v. Kansas City Royals Baseball Corp.*, No. 14 Civ. 00608, 2021 WL 134889, at *3 (N.D. Cal. Jan. 14, 2021) ("Courts have found that Rule 23 does not require that class members must be sent opt-out forms or that they be prepaid."); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.RD. 534, 554 (N.D. Ga. 1992) (refusing to include opt-out form with notice to class because of "possible confusion resulting from inclusion of such a form"); *Canel v. Lincoln Nat. Bank*, 175 F.R.D. 517, 519 (N.D. Ill. 1997) (citing 2 NEWBERG ON CLASS ACTIONS § 8.21, at p. 8–70 (3d ed 1992) for the proposition that courts have rejected the inclusion of opt-out forms).

Courts have found that using a proposed opt-out form may be confused as solicitation to "opt in" (*i.e.*, to remain in the class). *See, e.g., Donovan v. Philip Morris USA*, No. 06 Civ. 12234, 2013 WL 12484692, at *3 (D. Mass. Jan. 3, 2013). A separate form may also add to the expense of the mailing with little, if any, added benefit. *Id.* The District Court in *Donovan* held as follows:

> Opting out should not be unduly burdensome and there should be no unnecessary hurdles that make it difficult for class members to exercise their rights to opt out. But where the remedy sought here is not a simple monetary payout, it is appropriate to include instructions about how to opt out with the same printed "long form" materials that will enable the class member to make an informed decision about how to remain in the class. The notice should provide clear and prominent instructions as how to mail in an opt-out, but a separate "exclusion request form" is not required.

Finally, a director at the well-respected class action administrator company, Analytics Consulting LLC, observes that most class action notices do not include exclusion forms and that it is not best practice to do so because such forms can cause confusion. Ex. E (Barazesh Decl.) ¶¶ 4-6.

TEKsystems has proffered no credible reason that Plaintiffs' proposed exclusion procedures are insufficient. Because Plaintiffs' proposed exclusion procedures adhere to the requirements of Rule 23 and contain substantially similar language to class notices routinely approved by federal district courts, Plaintiffs request that the Court approve Plaintiffs' proposed exclusion procedures.[5]

---

[5] In the alternative, should the Court determine that an exclusion form is required, Plaintiffs request that the Court order the Parties to post an exclusion form on the class website that Class Members may download and return to the class administrator to avoid incurring unnecessary expenses associated with mailing or sending DocuSign exclusion forms to each Class Member. *See Makaeff v. Trump University*, Nos. 10 Civ. 0940, 13 Civ. 2519, 2015 WL 5638192, at *4-5 (S.D. Cal. Sept. 21, 2015) (declining to require pre-paid exclusion post card to be mailed to class members and instead concluding that exclusion form available for download from case website was more than adequate to protect interests of the class members). The website should include a cautionary page that warns of the implications of excluding oneself from the case so that the exclusion form is not confused for an "opt-in" form. *See Walney v. Swepi LP*, No. 13 Civ. 102, 2017 WL 319801, at *15 (W.D. Pa. Jan. 23, 2017) (permitting plaintiff's request to post exclusion form on case website with inclusion of cautionary webpage that warned of implications of exclusion from case).

## Conclusion

For the reasons set forth above, Plaintiffs respectfully request the Court approve their proposed Class Notice, which is attached as Exhibit A.

Dated: March 12, 2024

Respectfully submitted,

/s/ Sally J. Abrahamson
Sally J. Abrahamson (admitted *pro hac vice*)
WERMAN SALAS P.C.
335 18th Place NE
Washington, D.C. 20002
Tel: (202) 830-2016
Email: sabrahamson@flsalaw.com

Maureen A. Salas (admitted *pro hac vice*)
WERMAN SALAS P.C.
77 W. Washington St., Suite 1402
Chicago, IL 60602
Tel: (312) 487-5221
Email: msalas@flsalaw.com

Sarah Schalman-Bergen (admitted *pro hac vice*)
Krysten Connon (admitted *pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Tel: 617-994-5830
Email: ssb@llrlaw.com
Email: kconnon@llrlaw.com

Rachel Bien (SBN 315886)
OLIVIER & SCHREIBER LLP
595 E. Colorado Blvd., Suite 418
Pasadena, CA 91101
Tel: (213) 325-3430
Email: rachel@os-legal.com

*Attorneys for Plaintiffs and the Class*