SEYFARTH SHAW LLP
Brian P. Long (SBN 232746)
bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:    (213) 270-9600
Facsimile:    (213) 270-9601

Andrew L. Scroggins
(admission pro hac vice)
ascroggins@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

Attorneys for Defendant
TEKSYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BO AVERY, PHOEBE RODGERS, KRISTY CAMILLERI, AND JILL UNVERFERTH, individually, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TEKSYSTEMS, INC.,<br><br>Defendant. | Case No. 3:22-cv-02733<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR APPROVAL OF PLAINTIFFS' PROPOSED CLASS NOTICE** |

I.  **INTRODUCTION**

After working cooperatively with Plaintiffs' counsel on notice to the class, and reaching agreement on all but three points, Defendant TEKsystems, Inc. ("TEK") was surprised by Plaintiffs' motion, which was filed less than 48 hours before the parties are to appear before the Court for a case management conference. Plaintiffs' Motion included no attempt to articulate TEK's position on the three open points but does make wild and baseless accusations about TEK's motivations.

TEK has attached as Exhibit A its proposed Class Notice, and below provides a brief explanation of its position on the three open issues. TEK also requests that the Court set a briefing schedule to permit it the opportunity to respond in full to Plaintiffs' legal arguments.

II. **TEK'S POSITION ON THE THREE OPEN ISSUES RELATED TO NOTICE**

A.  **Arbitration**

Plaintiffs devote several pages of their Motion to rehashing arguments first asserted in their Emergency Motion for Protective Order, which the Court previously denied. (See ECF No. 79.)[1] These arguments are ungrounded from the requirements of Rule 23(c)(2)(B), which provides the elements to be included in notice to a class.

Plaintiffs contend that "it is imperative the Class Notice include information that all current Recruiters are part of the class irrespective of Defendant's recently distributed arbitration agreement," and propose to devote four paragraphs on the topic in their proposed notice. (Motion at 2-3.) However, recipients of the notice already are advised that they are "part of the class" in a much more direct fashion in Section 3, "Why did I get this Notice?" The contents of Section 3 are agreed by both parties, while avoiding content that is irrelevant to the purpose of a class notice.

---

[1] For example, Plaintiffs accuse TEK of "previously issu[ing] misleading ex parte communication to currently employed Recruiters." (Motion at 1.) However, the Parties engaged in discovery specific to TEK's communication of the Mutual Arbitration Agreement and briefing on the topic in the related matter *Thomas, et al. v. TEKsystems, Inc.*, Civil Action No. 2:21-cv-460 (W.D. Pa.). The *Thomas* court found that "TEK's Mutual Arbitration Agreement . . . rollout communications were neither coercive nor misleading." (Scroggins Decl. ¶ 25.)

Plaintiffs also accuse TEK of "misleading Recruiters by suggesting that they are no longer part of the Class and do not have legal representation." (Motion at 4.) This makes no sense when TEK's proposal is to remove this Section entirely. (Ex. A, Class Notice.) Even when TEK offered a revision to Plaintiffs' proposed language on arbitration, it did so in a neutral manner, suggesting the addition of "TEKsystems has reserved its right to compel individual claims to arbitration." (Scroggins Decl. ¶ 5.)

1

In addition, Plaintiffs' evolving position on the content of this Section also undercuts their argument that it is "imperative" to include this information. In their initial proposal, Plaintiffs offered a single paragraph. (Scroggins Decl. ¶ 4.) TEK responded with a revised paragraph that struck some sentences that were redundant to other information in the notice, and added a single sentence. (*Id*. at ¶ 5.) Plaintiffs then came back with a revised Section nearly twice the length of their original proposal, filled with argument and invective. (*Id*. at ¶ 6.) At that point, TEK proposed to delete the Section entirely as irrelevant to the recipients of the notice. (*Id*. at ¶ 7.)

TEK proposes to remove discussion of its Mutual Arbitration Agreement from the notice, which is consistent with the requirements of the Federal Rules governing notice to class members and avoids the potential confusion for recipients that is likely to arise if Plaintiffs' proposal is adopted. In the alternative, TEK proposes that the notice advise class members about the arbitration issue in a clear, concise, and balanced manner without argument, particularly because the Court has not ruled on whether TEK may enforce the arbitration agreement as to some class members.[2]

**B.      Legal Fees**

In their Motion, Plaintiffs contend that the notice must include a "summary of how Class Counsel will be compensated so to avoid confusion or fear among Class Members that they could personally be liable for attorneys' fees." (Motion at 4.) However, Plaintiffs' proposed message includes details that class recipients are likely to find confusing, and also jumbles what may happen in the event of a settlement or favorable verdict.

TEK's proposed language addresses this point directly and in a way that provides the information that is meaningful to those receiving the notice:

> **Am I required to pay any money to the Lawyers?**
>
> No.

(TEK's Proposed Notice at No. 12; Scroggins Decl. ¶ 15.)

To support their position, Plaintiffs assert that their "proposed language reflects the language included in the Federal Judicial Center's model employment class action notice" (Motion at 4-5), but

---

[2] Indeed, TEK has not yet filed a motion to compel arbitration because, until the notice period has closed, it does not know who is in the class.

that is wrong on its face. The model notice asks an entirely different question than Plaintiffs sought to include in the notice, and provides an entirely different answer:

> How will the lawyers be paid?
>
> If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by [defendant].

*See* Federal Judicial Center, Publications Catalog, Class Actions, Employment Discrimination Class Action Certification: Full Notice ("FJC Sample Notice"), No. 19, available at https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf.

TEK's proposed language conveys in clear, concise, plain, and easily understood language what is relevant for class members to know. Alternatively, TEK would propose that the Court adopt the language of the FJC Sample Notice provided above.[3]

### C. Opt-Out Process

Under Rule 23(c)(2)(B), the "notice must clearly and concisely state in plain, easily understood language . . . that the court will exclude from the class any member who requests exclusion." As noted in the Manual for Complex Litigation, a "simple and clear form for opting out is often included with the notice." MANUAL FOR COMPLEX LITIGATION, Fourth, § 21.311 at 289 (2004). Plaintiffs, however, refused to discuss providing a form at all (Scroggins Decl. ¶ 19), and their proposed language suggests that a "valid" request to be excluded must include specific phrases or it will be rejected (*id.* at ¶¶ 17, 22).

In their Motion, Plaintiffs misrepresented TEK's position and made baseless assertions about TEK's "motivation." (Motion at 6.) TEK did not "insist" on mailing a separate form, though the Manual for Complex Litigation supports that it is common to do so. What TEK actually proposed was

---

[3] Plaintiffs cite favorably a notice form approved by this Court in *DiMercurio, et al. v. Equilon Enterprises LLC DBA Shell Oil Products, et al.*, Case No. 3:19-cv-04029-JSC. (Motion at 4-5.) The *DiMercurio* notice employs the same language provided in the Federal Judicial Center sample notice. *See* ECF No. 88-5 at 13, Question 16.

"streamlining this process for those who wish to opt-out, such as the online and electronic signature process that was used for the Thomas opt-in process, or through DocuSign." (Scroggins Decl. ¶ 18.) As reflected in TEK's Proposed Notice submitted with this response, class members—who are receiving copies of the notice in the mail and via email—should have the opportunity to exclude themselves from the suit through those same channels, and without any suggestion that there are specific phrases that must be copied by the class member for their request to be valid. (*See* Ex. A at Nos. 9 and 13.) This could be accomplished via the website Plaintiffs already propose to create for class members to obtain additional information.

Once again, the FJC Sample Notice is aligned with TEK's proposal. In its section titled "How do I ask the Court to exclude me from the Class?," the following language is suggested:

> To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from Johnson v. MNO. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by Month 00, 0000, to: Johnson v. MNO Exclusions, P.O. Box 0000, City, ST 00000-0000. <u>You may also get an Exclusion Request form at the website, www mnoclassaction com.</u>

FJC Sample Notice No. 16 (emphasis added).

Plaintiffs' Motion even proposes an alternative along these same lines: an order to "post an exclusion form on the class website that Class Members may download and return to the class administrator[.]" (Motion at 7 n.5.)

TEK's proposed language and process are better aligned to the requirements of Rule 23(c)(2)(B)(v) than the confusing language and unnecessarily onerous process proposed by Plaintiffs. Alternatively, TEK would propose that the Court adopt the alternative position articulated by Plaintiffs.

### III. **CONCLUSION**

For the foregoing reasons, Defendant TEKsystems, Inc. ("TEK") respectfully requests that the Court set a briefing schedule to permit it the opportunity to respond to Plaintiffs' legal arguments, or approve TEK's proposed Class Notice attached as Exhibit A.

DATED: March 13, 2024  SEYFARTH SHAW LLP

By: /s/ Andrew Scroggins

SEYFARTH SHAW LLP
Andrew L. Scroggins (admission pro hac vice)
ascroggins@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:   (312) 460-7000

Brian P. Long (SBN 232746)
bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601
Attorneys for Defendant
TEKSYSTEMS, INC.