UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BO AVERY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TEKSYSTEMS, INC.,<br><br>　　　　Defendant. | Case No.  22-cv-02733-JSC<br><br>**ORDER GRANTING IN PART MOTION TO STAY PENDING APPEAL**<br><br>Re: Dkt. No. 132 |

A class of Recruiters for TEKsystems, Inc. ("TEK") allege TEK improperly classifies Plaintiffs and other Recruiters as exempt from California overtime, wage, and hour laws and therefore illegally underpays Recruiters. After the Court certified the class of approximately 540 class members, Defendant moved to compel arbitration of the claims of 123 class members who were purportedly bound by recently imposed arbitration agreements. (Dkt. Nos. 105, 111.)[1] The Court denied the motion, and Defendant appealed the decision. (Dkt. Nos. 125, 127.) Now pending before the Court is Defendant's motion to stay the entire case pending resolution of Defendant's interlocutory appeal. (Dkt. No. 132.) Defendant also requests the Court hold its September 23, 2024 order granting Plaintiffs' motion for partial summary judgment in abeyance pending resolution of the appeal.

Having carefully considered the parties' written submissions, and having had the benefit of oral argument on November 7, 2024, the Court GRANTS IN PART Defendant's motion. The Court stays the claims of the 123 class members whose claims are involved in Defendant's appeal of the denial of its motion to compel arbitration. The Court DENIES the motion to stay as to the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

named plaintiffs and 413 class members whose claims are not involved in Defendant's pending appeal.

## BACKGROUND

On October 6, 2023, Plaintiffs filed a motion to certify the class, (Dkt. No. 63), which the Court granted on February 13, 2024. (Dkt. No. 84 at 1.) At no time during the class certification proceedings did Defendant raise an arbitration agreement as an issue. (Dkt. No. 125 at 2.) Then, on June 10, 2024, Defendant moved to compel arbitration of the claims of 123 class members who did not opt out of an arbitration agreement that purportedly went into effect on January 1, 2024.[2] (Dkt. No. 105.) The Court denied Defendant's motion to compel arbitration. (Dkt. No. 125.)

On September 19, 2024, Defendant filed a Notice of Appeal of the Court's order denying Defendant's motion to compel arbitration. (Dkt. No. 127). Defendant's opening brief is due by December 12, 2024, and Plaintiff's answer is due by January 13, 2025. (Dkt. No. 131 at 2.) Four days after Defendant filed the Notice of Appeal, the Court granted Plaintiff's motion for partial summary judgment, concluding that a reasonable trier of fact could not find Defendant had met all the requirements of its administrative exemption affirmative defense regarding California overtime pay. (Dkt. No. 128.)

## DISCUSSION

Defendant seeks entry of a stay of the entire case pending the Court of Appeals' resolution of Defendant's appeal of the Order denying Defendant's motion to compel arbitration of 123 class members' claims. (Dkt. No. 132.) Defendant also requests the Court hold its September 23, 2024, order granting Plaintiffs' motion for partial summary judgment in abeyance pending resolution of the same appeal. Defendant argues that pursuant to *Coinbase, Inc. v. Biekski*, 599 U.S. 736 (2023), Defendant's "filing of a Notice of Appeal automatically stays *all* proceedings and divests this Court of jurisdiction." (Dkt. No. 132 at 2) (emphasis added). Plaintiffs asserts *Coinbase* "only necessitates a stay of claims of the 123 class members who are the subject of [Defendant]'s

---

[2] While Defendant initially identified "126 Arbitration Parties that were subject to its motion," Defendant subsequently agreed with Plaintiffs "the number of Arbitration Parties [was] 123." (Dkt. No. 111 at 1 n.1.)

1  appeal," arguing the claims of the four named plaintiffs and 413 certified class members who are
2  not subject to the appeal should proceed. (Dkt. No. 139 at 2.)

3  Thus, the question is whether the Court must stay the *entire* case when the pending
4  interlocutory appeal only involves the arbitrability of the claims of 20% of the certified class.

## I. Applicability of *Coinbase*

In *Coinbase*, a plaintiff brought a putative class action, and Coinbase moved to compel *all* of the plaintiff's claims to arbitration. *Coinbase*, 599 U.S. at 739 (emphasis added). The district court denied the motion, and Coinbase appealed under 9 U.S.C. § 16(a), which permits an interlocutory appeal "when a district court denies a party's motion to compel arbitration." *Id.* at 739-40. The district court and the Ninth Circuit declined to stay proceedings pending Coinbase's appeal. *Id.* The Supreme Court granted certiorari to decide "whether a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." *Id.* at 740. "The answer [was] yes." *Id.* The Supreme Court held "the entire question on appeal is whether the case belongs in arbitration or instead in the district court" so "the entire case is essentially 'involved in the appeal.'" *Id.* at 741.

The *Coinbase* Court did not consider the issue presented here: is a stay of the ***entire*** case required when the pending interlocutory appeal only involves the arbitrability of a minority of the certified class. To answer this question of first impression, the Court considers the principles articulated in *Coinbase* which guided the Supreme Court's holding.

First, the *Coinbase* Court held "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost" if a district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability is ongoing. *Id.* at 743. That reasoning is inapplicable here. Defendant's motion to compel arbitration—the motion Defendant has appealed—only sought to compel 123 class members to arbitration. (Dkt. Nos. 105, 111.) For the named plaintiffs and the majority of the certified class, nearly 80%, it is undisputed their claims are not subject to an arbitration agreement. Thus, at no time would the asserted benefits of arbitration be lost for the 417 class members who were never bound by the arbitration agreement at issue on appeal.

3

Second, the *Coinbase* Court was concerned parties "could be forced to settle to avoid the district court proceedings (including discovery and trial) that they contracted to avoid through arbitration." *Id*. Here, Defendant only moved to compel arbitration of 123 class members. So, Defendant does not and cannot assert it contracted to avoid arbitration as to the named plaintiffs and the remaining 413 class members' claims. Regardless of the outcome of the interlocutory appeal, the named plaintiffs' claims and the claims of 80% of the certified class will proceed to expert discovery and trial absent a resolution between the parties prior to those proceedings. While the parties could choose to settle the 413 class members' claims along with the named plaintiffs' claims, Defendant would not be "forced to settle" those claims to avoid district court proceedings which it contracted to avoid.

Third, the *Coinbase* Court noted that "allowing a case to proceed simultaneously in the district court and court of appeals creates the possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters—on a dispute that will ultimately head to arbitration in any event." *Id*. Here, any judicial resources expended by this Court would be related to the claims not involved in the appeal. Put another way, 80% of class members' claims are not those which "will ultimately head to arbitration in any event" because those class members did not sign arbitration agreements. *Id*.

Finally, the *Coinbase* Court noted "the district court may still proceed with matters that are not involved in the appeal, such as the awarding of costs and attorney's fees." *Id.* at 741 n.2. In doing so, the Court acknowledged district courts can proceed with matters not involved in an interlocutory appeal while that appeal is pending. Here, because the claims of the named plaintiffs and 413 certified class members "are not involved in the appeal," it is proper to proceed with those claims. *Id*.

So, *Coinbase* does not require the Court to stay the entire the case, including the vast majority of the case not involved in the appeal. Defendant's insistence that the language of Section 16 mandates a stay notwithstanding *Coinbase's* reasoning not applying to the facts of this case is unavailing. As the *Coinbase* Court observed, "Section 16(a) does not say whether the district court proceedings must be stayed." *Id.* at 740. The Court then reasoned that Section 16

was enacted against Supreme Court precedents holding that "an interlocutory appeal[] divests the district court of its control *over those aspects of the case involved in the appeal*." *Id.* (cleaned up) (emphasis added). There is no support—in the statute or caselaw— for Defendant's argument that this Court must stay claims that are not involved in the appeal.

But, as Plaintiffs concede, *Coinbase* necessitates staying the claims of the 123 class members who are the subject of Defendant's appeal. (Dkt. No. 139 at 2.) Thus, as to those class members' claims, the Court grants Defendant's request for a stay. As to the named plaintiffs and the 413 class members who did not sign an arbitration agreement, *Coinbase* does not require a stay.

**II.     Discretionary Stay of Claims by Class Members Not on Appeal**

Defendant contends even if the Court has discretion to proceed "piecemeal" with this case, doing so would be against the interests of efficiency, fairness, and judicial economy. (Dkt. No. 140 at 3.) The Court disagrees. In deciding whether to grant a stay, the Court considers the competing interests of "possible damage . . . from the granting of a stay, the hardship or inequity . . . in being required to go forward, and the orderly course of justice." *See CMX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, there are four named plaintiffs and 413 class members whose claims are not subject to Defendant's appeal. Because the suit includes allegations of ongoing and future harms as to some of these class members, as opposed to alleging only past harms, these class members have a strong interest in moving their claims forward.

Defendant also claims that without a stay, discovery will need to be reopened at a later date. (*Id.*) This "harm" of reopening discovery will only occur if Defendant loses its appeal; if Defendant prevails, no secondary discovery will occur in this case as the claims of those class members would proceed in arbitration if at all. Further, any additional discovery is likely minimal, at best. And, at the parties' request, the Court stayed discovery pending private mediation scheduled for April 18, 2025. (Dkt. No. 143.) In light of the current briefing schedule, it is possible the Court of Appeals will decide Defendant's appeal prior to the stay on discovery being lifted, resulting in no additional discovery.

In sum, the potential "injury" of additional discovery and costs is limited, while the potential damage which may result from a stay is substantial. So, the Court declines to stay the claims of the named plaintiffs and the 413 class members who are not involved in the Ninth Circuit appeal pending the Ninth Circuit's decision.

### III. Abeyance of Court's Order Granting Partial Summary Judgment

On September 23, 2024, the Court granted partial summary judgment in favor of Plaintiffs. (Dkt. No. 128.) The Court GRANTS Defendant's request to hold the order in abeyance for the 123 class members involved in Defendant's pending interlocutory appeal. However, as to the named plaintiffs and remaining class members, the Court DENIES Defendant's request for the same reasons it denies the requested stay.

### CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion for a stay of proceedings as to the 123 class members whose claims are involved in Defendant's interlocutory appeal. The Court also holds in abeyance its order granting partial summary judgment as to those same 123 class members. The Court DENIES the pending motion to stay proceedings as to the named plaintiffs and the 413 class members whose claims are not implicated by the pending appeal.

This Order disposes of Docket No. 132.

**IT IS SO ORDERED.**

Dated: November 18, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge