Rachel Bien (SBN 315886)
OLIVIER & SCHREIBER LLP
595 E. Colorado Blvd., Suite 418
Pasadena, CA 91101
Tel: (213) 325-3430
Email: rachel@os-legal.com

Sally J. Abrahamson (admitted *pro hac vice*)
WERMAN SALAS P.C.
609 H Street NE, 4th Floor
Washington, D.C. 20002
Tel: (202) 830-2016
Email: sabrahamson@flsalaw.com

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BO AVERY, PHOEBE RODGERS, KRISTY CAMILLERI AND JILL UNVERFERTH, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>TEKSYSTEMS, INC.,<br><br>　　　　　　Defendant. | Case No. 3:22-cv-02733-JSC<br><br>**PLAINTIFFS' MOTION TO REMAND UNFAIR COMPETITION LAW CLAIM**<br><br>Date: September 25, 2025<br>Time: 10:00 a.m.<br>Ctrm.: 8 – 19th Floor<br><br>Judge: Hon. Jacqueline Scott Corley |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on September 25, 2025 at 10:00 a.m., or soon thereafter as counsel may be heard, before the Honorable Jacqueline Scott Corley in Courtroom 8 - 19th Floor, Plaintiffs will and hereby do move the Court for an order to sever and remand the Unfair Competition Law ("UCL") cause of action (Count Six of the First Amended Class Action Complaint) to San Francisco Superior Court for adjudication.

Plaintiffs respectfully request the Court remand the UCL claim while the federal action continues to encompass all remaining claims.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

Plaintiffs respectfully request that the Court sever and remand to San Francisco Superior Court Count Six of their First Amended Class Action Complaint, which seeks equitable relief under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, based on Defendant's violations of the California Labor Code. In *Guzman v. Polaris Industries, Inc.*, the Ninth Circuit held that federal courts sitting in diversity cannot award equitable relief where there is an adequate legal remedy, which Plaintiffs have in this case. 49 F.4th 1308, 1310 (9th Cir. 2022). Plaintiffs' UCL claim seeks restitution of unpaid overtime wages extending beyond the three-year limitations period applicable to the Labor Code claims – essentially a one-year tail of additional overtime. Under *Guzman*, this Court cannot grant that equitable relief because Plaintiffs' overtime and derivative claims (legal remedies) were available by statute for damages (even if now time-barred for the fourth additional year).

Although *Guzman* was a consumer case, district courts have recently applied its reasoning to wage and hour cases asserting Labor Code and UCL claims. *See, e.g.*, *Hendrickson v. Wal-Mart Assocs., Inc.*, No. 23 Civ. 00110, 2024 WL 4896586 (S.D. Cal. Nov. 26, 2024). Where, as here, the UCL claim was initially filed in state court and removed, "the majority of district courts" hold that "a federal court has the authority to remand" the claim to state court "where an inadequate remedy at law is not a barrier to equitable jurisdiction." *Broomes v. FullBeauty Brands Operations, LLC*,

No. 25 Civ. 02697, 2025 WL 1783708, at *2 (N.D. Cal. June 10, 2025) (appeal pending) (quoting *Ruiz v. The Bradford Exch., Ltd.*, No. 23 Civ. 01800, 2024 WL 2844625, at *3 (S.D. Cal. May 16, 2024)) (citation cleaned up). Severing the claim and remanding it will ensure that Plaintiffs are able to pursue a fourth year of equitable relief under the UCL and will prevent any portion of the claim from being extinguished. *See Henrickson*, 2024 WL 4896586, at *3.

## II.   Relevant Procedural Background

Plaintiffs originally filed this class action in San Francisco Superior Court on January 28, 2022, alleging that Defendant TEKsystems, Inc. ("TEK") misclassifies its Recruiters as exempt and fails to pay them overtime and provide them with meal and rest breaks under the Labor Code. ECF No. 1-1. Based on the same violations, Plaintiffs seek restitution under the UCL, which serves to extend the recovery period from three years under the Labor Code to four years. *Compare* Cal. Lab. Code §§ 510, 1194, 1198 and Cal. Civ. Proc. Code § 338(a), *with* Cal. Bus. & Prof. Code § 17208. On April 4, 2022, Plaintiffs filed a First Amended Class Action Complaint, adding a claim under the Private Attorneys General Act ("PAGA"), Lab. Code §§ 2698 *et seq.*, after meeting PAGA's exhaustion requirements. ECF No. 001-2. On May 6, 2022, TEK removed the case to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1 (Notice of Removal). At the time of removal, federal courts commonly allowed UCL claims to proceed alongside legal claims. *See Moore v. Mars Petcare U.S., Inc.*, 966 F.3d 1007, 1021 n.13 (9th Cir. 2020) (recognizing that remedies under the UCL and other California statutes are cumulative); *Ferry v. Porsche Cars N. Am., Inc.*, No. 21 Civ. 5715, 2022 WL 1769120, at *5 (C.D. Cal. Mar. 11, 2022), *adopted*, 2022 WL 1769123 (C.D. Cal. Mar. 14, 2022); *Deluca v. Farmers Ins. Exch.*, 386 F. Supp. 3d 1235, 1269 (N.D. Cal. 2019) (exercising jurisdiction over plaintiffs' UCL claims).

## III.   Argument

### A.   The Court Should Sever and Remand the UCL Claim to State Court.

When a federal court finds that it cannot entertain a purely equitable state-law claim that has been removed, the favored approach of a majority of district courts in this Circuit is to sever

1  the claim and remand it to state court rather than dismissing it without prejudice.[1] *See Broomes*,
2  2025 WL 1783708, at *2-3 (remanding UCL claim and denying motion to dismiss UCL claim as
3  moot); *Hendrickson*, 2024 WL 4896586, at *4 ("precedent and interests in fairness and economy
4  all favor remand" and denying motion to dismiss as moot); *Cook v. Matrix Absence Mgmt., Inc.*,
5  737 F. Supp. 3d 885, 893 (N.D. Cal. 2024) ("rather than dismiss [plaintiff's] UCL claim without
6  prejudice, the Court will sever the UCL claim and remand it to state court"); *Morgan v. Rohr, Inc.*,
7  No. 20 Civ. 574, 2023 WL 7713582, at *4-5 (S.D. Cal. Nov. 15, 2023), *appeal dismissed sub nom.*
8  No. 23 Civ. 4236, 2024 WL 1152284 (9th Cir. Feb. 28, 2024) (granting plaintiff's motion for
9  reconsideration and remanding UCL claim to state court rather than dismissing it).[2]

10  Where "the relief being sought is equitable in nature," *Quackenbush*, 517 U.S. at 721,
11  courts can remand the claim to state court based on abstention principles even if the grounds for
12  remand under 28 U.S.C. § 1447(c) are not applicable. *Ruiz*, 2024 WL 2844625, at *3 (noting that
13  a "Court's authority to remand . . . is not limited to the grounds stated in 28 U.S.C. § 1447(c)," 
14  including under "the long-recognized authority to remand cases based on federal abstention
15  doctrines"); *Broomes*, 2025 WL 1783708, at *2 (courts can remand cases in which they lack
16  equitable jurisdiction "under an abstention doctrine"); *Cohen*, 2025 WL 1112658, at *5 (court had
17  authority to remand even though 30 day deadline 28 U.S.C. § 1447(c) had passed); *Morgan*, 2023
18  WL 7713582, at *3 (courts have "consistently recognized their power to remand" equitable claims

---

[1]   To date, TEK has not moved to dismiss Plaintiffs' UCL claim. However, it may later do so or argue that Plaintiffs are not entitled to relief for the claim at the merits stage. *See Cohen v. Copart Inc.*, No. 24 Civ. 03268, 2025 WL 1112658, at *4 (C.D. Cal. Apr. 4, 2025) (appeal pending) (the court must "determine whether there is equitable jurisdiction before hearing the merits of a claim seeking such relief").

[2]   *See also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) ("[I]n cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can . . . decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court."); *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 689–90 (1927) ("[I]n suits removed from a state court . . . the suit is remanded to the state court where the equitable relief sought, although beyond the equitable jurisdiction of the federal court, may be granted by the state court."); *Cates v. Allen*, 149 U.S. 451, 461 (1893) (holding that a court lacking equity jurisdiction over a case removed from state court may remand the case rather than dismiss it).

removed from state court). "The Ninth Circuit has also recognized the similarity between abstention principles and equitable jurisdiction." *Ruiz*, 2024 WL 2844625, at *3. "As is the case when federal courts decline to exercise jurisdiction under abstention principles . . ., a federal court that dismisses a claim for lack of equitable jurisdiction necessarily declines 'to assume the jurisdiction and decide the cause.'" *Guzman*, 49 F.4th at 1314.

Here, unlike in *Guzman* where remand was not an option because the case was originally filed in federal court, Plaintiffs originally filed their UCL claim in state court. ECF No. 1 (Notice of Removal). *Guzman* does not preclude district courts from remanding a claim over which they lack equitable jurisdiction where that claim was removed from state court. *Morgan*, 2023 WL 7713582, at *3 (noting in *Guzman*, the claims "were filed in federal court, [so] remand was not an option. As such, *Guzman* did not foreclose remand" of an equitable claim in a removed case); *see also Broomes*, 2025 WL 1783708, at *3; *Cook*, 737 F. Supp. 3d at 893; *Hendrickson*, 2024 WL 4896586, at *1; *Linton v. Axcess Fin. Servs., Inc.*, No. 23 Civ. 01832, 2023 WL 4297568, at *4 (N.D. Cal. June 30, 2023).

A "clear majority" of district courts faced with the choice of whether to dismiss a UCL claim without prejudice, requiring the plaintiff to refile it, or remand the claim, "has concluded that remand is the appropriate result." *Fernandez v. Avanquest N. Am. LLC*, No. 24 Civ. 08620, 2025 WL 1343033, at *3 (C.D. Cal. Apr. 15, 2025) (quoting *White v. BP Prods. N. Am., Inc.*, No. 24 Civ. 01827, 2024 WL 5247959, at *4 (C.D. Cal. Dec. 26, 2024)) (citation cleaned up); *see also Barrales v. Newell Brands, Inc.*, No. 25 Civ. 1882, 2025 WL 1211171, at *4 (C.D. Cal. Apr. 25, 2025); *Cohen*, 2025 WL 1112658, at *5; *Mandel v. Marathon Petroleum Co. LP*, No. 24 Civ. 09647, 2025 WL 635333, at *5 (C.D. Cal. Feb. 27, 2025); *Hendrickson*, 2024 WL 4896586, at *4; *Rogoff v. Transamerica Life Ins. Co.*, No. 24 Civ. 1254, 2024 WL 5010642, at *4 (C.D. Cal. Dec. 6, 2024); *Clevenger v. Welch Foods Inc.*, No. 23 Civ. 00127, 2023 WL 2390630, at *6 (C.D. Cal. Mar. 7, 2023).

Likewise, courts have severed UCL claims from legal claims proceeding in federal court. "[T]he practice of partial remand is not novel." *Morgan*, 2023 WL 7713582, at *5 (severing UCL

claim from Labor Code claims and reasoning that it "sees no reason why" the "flexibility" to "remand a portion of a suit when declining to exercise supplemental jurisdiction" would "not extend to a court's discretion when declining to exercise equitable jurisdiction"); *Cohen*, 2025 WL 1112658, at *5 (severing and remanding equitable claims to state court); *Cook*, 737 F. Supp. 3d at 893 (UCL claim is severed and remanded); *Hendrickson*, 2024 WL 4896586, at *4 ("a court declining to exercise jurisdiction in accordance with equitable principles may partially remand an action"). Although there will inevitably be some inefficiency in having two proceedings, it is outweighed by California's important public policy under the UCL of affording four years of restitution to plaintiffs who have suffered Labor Code violations. Because this Court could not award such relief, but a state court could, principles of federalism favor severing the UCL claim so that it can be decided on the merits. *See Mandel*, 2025 WL 635333, at *5 (remanding where "[i]t would be an unwarranted intrusion into California's interests and laws to prevent plaintiffs from pursuing equitable remedies to which they are entitled under California law") (citation cleaned up); *Morgan*, 2023 WL 7713582, at *6 (severing UCL claim and holding that "precedent and interests in fairness and economy all favor remand").

Finally, although the Court has the option of dismissing the UCL claim without prejudice, remand is the better course for at least three reasons. First, remand would preserve the full length of the statute of limitations period for Plaintiffs and class members to the extent that the UCL claim is not equitably tolled by the original filing of the complaint. *Morgan*, 2023 WL 7713582, at *5 ("[t]o the extent that tolling of the statute of limitations is not available, forcing Plaintiffs to refile their claims may extinguish the UCL claims of certain plaintiffs").

Second, remand avoids the prospect that a defendant could remove the claim again after plaintiffs refile it in state court, resulting in a "perpetual loop" of wasteful litigation in which the claim is refiled, removed, and dismissed without prejudice. *Ruiz*, 2024 WL 2844625, at *5; *Hendrickson*, 2024 WL 4896586, at *3 (noting that dismissal, rather than remand, could "encourage the sort of gamesmanship disfavored by courts of equity") (citation cleaned up).

Third, discovery already conducted in this case would not need to be conducted again and any further discovery that the parties undertake relating to the Labor Code claims would be transferable to the UCL claim. These discovery "efficiencies are furthered by remanding versus dismissing the UCL claim." *Morgan*, 2023 WL 7713582, at *4.

### B. This Motion Comes at an Appropriate Juncture Because the Court Must Determine Whether It Has Equitable Jurisdiction Before It Can Award Relief for Plaintiffs' UCL Claim.

Plaintiffs' request to remand the UCL claim comes at an appropriate time and is not procedurally barred based on timeliness. While the question of equitable jurisdiction over a UCL claim is distinct from Article III subject-matter jurisdiction in a technical sense, the practical result is the same: the Court lacks authority to grant relief on this claim. *See Cohen*, 2025 WL 1112658, at *4. Courts have therefore treated motions like this as proper even well after the 30-day removal window, since they are premised on jurisdictional constraints, not on a defect in the removal procedure. *Id*. at *4-5; *Morgan*, 2023 WL 7713582, at *5 (remanding UCL claim after class certification and noting that "[e]quitable remand 'does not fall into either category of remand order described in [28 U.S.C.] § 1447(c), as it is not based on lack of subject matter jurisdiction or defects in removal procedure.'").

Even if the time requirements under 28 U.S.C. § 1447(c) applied, which they do not, Plaintiffs should be excused from arguing that the Court lacked jurisdiction over the UCL claim because the Ninth Circuit had not yet issued its decision in *Guzman* when Defendant removed the claim. *See Ferry*, 2022 WL 1769120, at *5 (noting uncertainty as to whether court lacked equitable jurisdiction to hear UCL claim based on *Moore*, 966 F.3d 1007. Even post-*Guzman*, district courts differed on whether to address the issue at the pleading stage or later. *See Key v. Qualcomm Inc.*, 129 F.4th 1129, 1142 (9th Cir. 2025) (vacating the district court's granting of summary judgment on plaintiff's UCL claims). Given this landscape, Plaintiffs acted reasonably in continuing to litigate in federal court and securing class certification and a liability ruling regarding Defendant's affirmative exemption defense.

In *Morgan v. Rohr*, the court severed the UCL claim from the Labor Code claims even though it had already granted class certification and the parties had engaged in extensive discovery. *Morgan*, 2023 WL 7713582, at *4. The court concluded that discovery would be transferable to state court and would not require the parties to reconduct discovery, even if the state court had to conduct its own certification analysis. *Id*. On the other hand, requiring the plaintiff to refile the UCL claim could result in duplicative discovery and posed the risk that the UCL claim could be "extinguish[ed] . . . [for] certain plaintiffs." *Id.* at *5.

Plaintiffs also bring this motion in light of the growing consensus of courts favoring remand of UCL claims. Moreover, the lack of equitable jurisdiction is a matter that cannot be waived. *See Southern Pac. R. Co. v. U.S.*, 200 U.S. 341, 349 (1906) (an objection to equitable jurisdiction "need not always be raised by some pleading, but may be presented on the hearing even in the appellate court; and, if not suggested by counsel, may be enforced by the court on its own motion."); *see also Cohen*, 2025 WL 1112658, at *5 (relying on *Southern Pac. R. Co.*, and recognizing that a court may address the lack of equitable jurisdiction sua sponte where the parties have not addressed the issue); *Altemus v. Amazon.com Servs. LLC*, No. 22 Civ. 1275, 2024 WL 1357596, at *16 n.12 (S.D. Cal. Mar. 29, 2024) (denying defendant's motion for summary judgment as to UCL claim where summary judgment was also denied as to predicate statutory claim but noting that an objection to equitable jurisdiction can be raised any time before trial).

Rather than wait for Defendant to move to dismiss or argue that the Court cannot grant equitable relief at trial, Plaintiffs seek to remand the UCL claim now, so that Plaintiffs are able to obtain all of the relief afforded by California law if they prevail on the merits. Because *Guzman* treats the issue as one of jurisdiction that the Court must determine before relief may be granted, Plaintiffs' motion is appropriate and necessary to protect Plaintiffs' and class members' right to a full recovery.

## IV.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court sever the UCL cause of action (Count Six of the First Amended Class Action Complaint) and remand that claim

to San Francisco Superior Court for adjudication. This solution honors both the federal limitations recognized in *Guzman* and California's interest in enforcing its worker protections through the UCL's expansive remedial scheme. Once the UCL claim is remanded, the federal action will continue to encompass all remaining claims, and the state court can efficiently handle the UCL claim covering the additional fourth year.

Dated: July 22, 2025                                   Respectfully submitted,

/s/ Sally J. Abrahamson
Sally J. Abrahamson (admitted *pro hac vice*)
WERMAN SALAS P.C.
609 H Street NE, 4th Floor
Washington, D.C. 20002
Tel: (202) 830-2016
Email: sabrahamson@flsalaw.com

Douglas M. Werman (admitted *pro hac vice*)
Maureen A. Salas (admitted *pro hac vice*)
Anne Kramer (SBN 315131)
WERMAN SALAS P.C.
77 W. Washington St., Suite 1402
Chicago, IL 60602
Tel: (312) 487-5221
Email: dwerman@flsalaw.com
Email: msalas@flsalaw.com
Email: akramer@flsalaw.com

Sarah Schalman-Bergen (*pro hac vice* pending)
Krysten Connon (admitted *pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Tel: 617-994-5830
Email: ssb@llrlaw.com
Email: kconnon@llrlaw.com

Rachel Bien (SBN 315886)
OLIVIER & SCHREIBER LLP
595 E. Colorado Blvd., Suite 418
Pasadena, CA 91101
Tel: (213) 325-3430
Email: rachel@os-legal.com

*Attorneys for Plaintiffs and the Class*