SEYFARTH SHAW LLP
Brian P. Long (SBN 232746)
bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:　(213) 270-9600
Facsimile:　(213) 270-9601

Andrew L. Scroggins
(admitted pro hac vice)
ascroggins@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:　(312) 460-5000
Facsimile:　(312) 460-7000

Attorneys for Defendant
TEKSYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BO AVERY, PHOEBE RODGERS, KRISTY CAMILLERI, AND JILL UNVERFERTH, individually, on behalf of themselves and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TEKSYSTEMS, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-02733-JSC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND UNFAIR COMPETITION LAW CLAIM**<br><br>Date:　　September 25, 2025<br>Time:　　10:00 a.m.<br>Ctrm.:　　8 – 19th Floor<br><br>Judge: Hon. Jacqueline Scott Corley |

## I. INTRODUCTION

More than three years after removal of this case from state court, Plaintiffs now request that the Court remand their Unfair Competition Law ("UCL") claim based upon an argument that this Court lacks equitable jurisdiction over the entirety of it. That assertion is not only factually untrue, but is contrary to binding Ninth Circuit authority. Indeed, what Plaintiffs are requesting runs contrary to orders issued by this Court in other matters. While this Court may lack equitable jurisdiction over Plaintiffs' requested restitution damages under their UCL claim, it maintains jurisdiction over Plaintiffs' claim for prospective injunctive relief, which does not have an adequate remedy at law. Plaintiffs cannot dispute that the certified class in this case has Article III standing to seek that prospective injunctive relief, and Plaintiffs cannot deny that the Ninth Circuit, as well as numerous District Courts (including this Court) have ruled that it is inappropriate to dismiss or remand such claims. Moreover, as the Court lacks discretion to remand the entirety of Plaintiffs' UCL claim, it is appropriate to remand only a portion of the claim, while keeping a portion of the claim here in this Court.

Importantly, Plaintiffs fail to address the full impact of their request to remand their claim for equitable restitution under the UCL in this case. As Plaintiffs acknowledge, that claim for restitution has the practical impact of extending the statute of limitations for several of Plaintiffs' claims from three years to four years.

If this Court determines that it lacks jurisdiction over that requested relief, then it necessarily lacked jurisdiction at the time that Plaintiffs' motion for class certification and motion for summary judgment were decided. As Plaintiffs' own citations make clear, the court must "determine whether there is equitable jurisdiction **before hearing the *merits* of a claim seeking such relief.**" *See Cohen v. Copart Inc.*, No. 24 Civ. 03268, 2025 WL 1112658, at *4 (C.D. Cal. Apr. 4, 2025) (appeal pending)(emphasis added). As set forth in more below, if Plaintiffs' restitution claims are remanded, the Court's Orders certifying the class as well as granting partial summary judgment must be reevaluated.

## II. ARGUMENT

### A. Federal Courts Lack Equitable Jurisdiction Where Plaintiffs Have An Adequate Remedy At Law

The law is clear that "[e]quitable relief in a federal court is of course subject to restrictions: the suit must be within the traditional scope of equity as historically evolved in the English Court of Chancery; a plain, adequate and complete remedy at law must be wanting; explicit Congressional curtailment of equity powers must be respected; [and] the constitutional right to trial by jury cannot be evaded. That a State may authorize its courts to give equitable relief unhampered by any or all such restrictions cannot remove these fetters from the federal courts." *Guarantee Trust Co. of New York v. York v.*, 326 U.S. 99, 105-106 (1945).

In *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837 (9th Cir. 2020), the Ninth Circuit elaborated that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's Unfair Competition Law ("UCL")." The Court reasoned that "[a]s a result of *Erie* [*Railroad Co. v. Tompkins*, 304 U.S. 64 (1938], the scope and application of federal common law narrowed considerably. . . Nevertheless, since *Erie*, the Supreme Court has instructed that a federal court's equitable authority remains cabined to the traditional powers exercised by English courts of equity, even for claims arising under state law." (citing *York at* 104-07). *Sonner* held that "even if a state authorizes its courts to provide equitable relief when an adequate legal remedy exists, such relief may be unavailable in federal court because equitable remedies are subject to traditional equitable principles unaffected by state law." *Sonner* at 841 (citing *York* at 105-106). In *Sonner*, the Court was faced with a situation where the requested relief under the UCL exactly mirrored what was being sought under the Consumer Legal Remedies Act ("CLRA"). As a result, there was no dispute that there was an adequate remedy at law for the equitable damages sought by the plaintiff through the UCL claim in that case. *Id*. 837-838.

The Ninth Circuit in *Guzman v. Polaris Industries, Inc.*, 49 F. 4th 1308, 1313-14, n. 2 (9th Cir. 2022), held that the same conclusion should be reached even if the underlying claim in the case is time barred and regardless of whether or not the UCL confers a longer four year statute of limitations to the underlying claim: "we reject [co-plaintiff] Albright's argument that the federal inadequate-remedy-at-

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND UNFAIR COMPETITION LAW CLAIM
CASE NO. 22-CV-02733-JSC

law principle should be limited to cases where an equitable claim and a legal claim have the same statute of limitations. Here, the UCL's statute of limitations is a year longer than that of the CLRA . . .we have already determined in *Sonner* that the availability of a CLRA claim for damages precludes a UCL claim for equitable relief in federal court."

Here, Plaintiffs also seek a four statute of limitations for their wage, meal, and rest period claim through equitable relief under the UCL. *See* Docket No 1, Ex. A, FAC Paragraph 60. Indeed, this Court's Order granting certification (ECF No. 84) and Order granting partial summary judgment (ECF No 129) provide a four year statute of limitations to those claims. Plaintiffs correctly cite *Guzman* for the proposition that this Court lacked equitable jurisdiction to reach those conclusions.

However, as set forth below, the Court retains jurisdiction for a portion of Plaintiffs' UCL claim and thus cannot remand the entirety of the claim.

### B. This Court Has Equitable Jurisdiction Over Portions Of Plaintiffs' UCL Claim Because Plaintiffs Seek Prospective Injunctive Relief

Even if this Court lacks equitable jurisdiction over Plaintiffs' demanded relief for restitution, it nonetheless maintains jurisdiction over portions of Plaintiffs' UCL claim. This is because Plaintiffs are seeking prospective injunctive relief. *See* ECF No. 1 Ex. A, FAC, Prayer for Relief, Paragraph N (emphasis added), seeking: "Appropriate injunctive and equitable relief, including **an order enjoining Defendant from continuing its unlawful practices**." *See also* Prayer, Paragraph R, seeking. "such other injunctive relief as the Court may deem just and proper."

Post *Sonner* and *Guzman*, Courts in the Ninth Circuit are clear that "[m]oney damages are an inadequate remedy for future harm" only remediable by injunctive relief. *Andino v. Apple, Inc.*, No. 2:20-cv-01628, 2021 U.S. Dist. LEXIS 76011, 2021 WL 1549667, at *5 (E.D. Cal. Apr. 20, 2021); *Brooks v. Thomson Reuters Corp.*, No. 21-cv-01418-EMC, 2021 U.S. Dist. LEXIS 154093, 2021 WL 3621837, at *10 (N.D. Cal. Aug. 16, 2021) ("The holding in *Sonner* applies only to equitable restitution for past harm under the UCL, not to an injunction for future harm."); *Steen v. Am. Nat'l Ins. Co.*, 609 F. Supp. 3d 1066, 1076 (C.D. Cal. 2022) ("Plaintiffs will not be made whole even if they succeed on their breach of contract claim because contract damages would remedy past alleged harm without addressing the threat of continuing harm."); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 686-87 (N.D. Cal. 2021)

3

("monetary damages for past harm are an inadequate remedy for the future harm [at which] an injunction under California consumer protection law is aimed"); *Kryzhanovskiy v. Amazon.com Servs. Inc.*, No. 2:21-cv-01292-DAD-BAM, 2022 U.S. Dist. LEXIS 115025, 2022 WL 2345677, at *4 (E.D. Cal. June 29, 2022) ("While the Ninth Circuit's decision in *Sonner* bars equitable restitution for past harms that are otherwise subject to an adequate legal remedy, it does not bar the issuance of an injunction to prevent *future* harms.") (emphasis in original); *Nacarino v. Chobani, LLC*, No. 20-cv-07437-EMC, 2021 U.S. Dist. LEXIS 149153 at *37-39 (N.D. Cal. August 9, 2021) (court dismissed equitable restitution portion of UCL claim, but denied motion to dismiss portion of claim that sought prospective injunctive relief and where the plaintiff had standing to seek the relief).

Indeed, this Court reached the same conclusion in *Price v. Wells Fargo & Co.*, No. 22-cv-03128-JSC, 2022 U.S. Dist. LEXIS 169097, 2022 WL 4225396 (N.D. Cal. Sep. 13, 2022) in a wage and hour action that included a UCL claim: "Plaintiffs' UCL claim seeks injunctive relief 'to correct the practices complained of.' Plaintiffs insist that they 'cannot [otherwise] obtain this prospective relief which will ensure that they are, *inter alia*, fairly compensated and provided with meal and rest breaks on a going forward basis' and as such, in the absence of injunctive relief, they 'at best would be forced to file frequent suits in an attempt to recoup their unpaid wages and monetary losses.' . . . Wells Fargo has not shown under the facts and claims alleged here that damages are an adequate remedy for Plaintiffs' prospective injunctive relief claim . . .Plaintiffs have adequately alleged a basis to pursue their equitable injunctive relief claim."

Here, as in *Price*, Plaintiffs are seeking prospective injunctive relief for wage and hour claims. That injunctive relief is even more immediate than it was in *Price*, as Plaintiffs in this case are seeking to reclassify the class from exempt to non-exempt, and the need for injunctive relief is more related to a threat of an alleged injury that is actual and imminent. The only basis for this Court to conclude that it lacks equitable jurisdiction to order the injunctive relief sought by Plaintiffs' UCL claim would be to conclude that Plaintiffs and the certified class lack Article III standing to pursue that relief.

To demonstrate Article III standing, a plaintiff must establish (1) that she has suffered an injury in fact, (2) that her injury is fairly traceable to a defendant's conduct, and (3) that her injury would likely

be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). To have standing to bring a claim for injunctive relief, a plaintiff must plead a "threat of injury [that is] actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009)). Past wrongs, by themselves, are insufficient to establish standing for injunctive relief. *See id*. Rather, the plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." *Id*. (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)).

Because retrospective monetary damages will not prevent the future harm Plaintiffs claim the classification of the certified class will cause, Plaintiff and the certified class have Article III standing to seek injunctive relief. As a result, this Court maintains equitable jurisdiction of that portion of Plaintiffs' UCL claim.

### III. IF PLAINTIFFS' MOTION TO REMAND THE EQUITABLE RELIEF PORTION OF THEIR UCL CLAIM IS GRANTED, THE COURT MUST REVISIT ITS DECISIONS ON CLASS CERTIFICATION AS WELL AS SUMMARY JUDGMENT IN THIS CASE

In their motion, Plaintiffs contend that this Court lacks equitable jurisdiction of their UCL claim. (ECF No 154 at 2.) Defendant concedes that Plaintiffs have an adequate remedy at law for the *restitution* portion of their claim, leaving this Court without equitable jurisdiction over it, but not so as to Plaintiffs' claim for prospective injunctive relief, which does not have an adequate remedy at law. As a result, when considering Plaintiffs' requests for prospective injunctive relief, the Court must "determine whether there is equitable jurisdiction **before hearing the *merits* of a claim seeking such relief.**" *See Cohen v. Copart Inc.*, No. 24 Civ. 03268, 2025 WL 1112658, at *4 (C.D. Cal. Apr. 4, 2025) (appeal pending)(emphasis added). Here, however, the Court has already reached the merits in part through its Order on Plaintiffs' motion for partial summary judgment. In light of Plaintiffs' motion for remand, that order must be revisited. *See Guzman* 49 F. 4th at 1314. ("Because the district court lacked equitable jurisdiction over [co-plaintiff] Albright's UCL claim, it could not, and did not, make a merits determination as to liability.") Importantly, Plaintiffs' motion for partial summary judgment was on behalf of a certified class that includes individuals who never worked within the three year statute of

limitations period for the wage claim at issue.  Moreover, the evidence supporting Plaintiffs' motions for class certification and for partial summary judgment included declarations and evidence related to the fourth year of liability that can only be reached through Plaintiffs' restitution relief sought by their UCL claim.  Issues related to Plaintiffs' adequacy as class representatives are also implicated as many of their Plaintiffs admittedly worked a very short time during the three year limitations period as opposed to the broader four years sought by their UCL claim.

Defendant contends that these issue must be addressed and revisited.  Defendant respectfully requests that the Court set a briefing schedule for the parties to address these issues.

## IV. CONCLUSION

Defendant concedes that the restitution relief that Plaintiffs seek under the UCL should be remanded.  However, Plaintiffs' motion to remand their entire UCL claim should be denied as this Court has equitable jurisdiction over Plaintiffs' claims for prospective injunctive relief under the UCL.  Further, Defendant requests that the Court set a briefing schedule to address the impact of Plaintiffs' motion to remand on the Court's earlier orders on certification and partial summary judgment, as the Court lacked jurisdiction to decide the merits of Plaintiffs' restitution claim.

DATED: August 5, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Brian P. Long*
    Brian P. Long
    Attorneys for Defendant
    TEKsystems, Inc.