Rachel Bien (SBN 315886)
OLIVIER & SCHREIBER PC
595 E. Colorado Blvd., Suite 418
Pasadena, CA 91101
Tel: (213) 325-3430
Email: rachel@os-legal.com

Sally J. Abrahamson (admitted *pro hac vice*)
WERMAN SALAS P.C.
609 H Street NE, 4th Floor
Washington, D.C. 20002
Tel: (202) 830-2016
Email: sabrahamson@flsalaw.com

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BO AVERY, PHOEBE RODGERS, KRISTY CAMILLERI and JILL UNVERFERTH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>TEKSYSTEMS, INC.,<br><br>　　　　　　　Defendant. | Case No. 3:22-cv-02733-JSC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND UNFAIR COMPETITION LAW CLAIM**<br><br>Date: September 25, 2025<br>Time: 10:00 a.m.<br>Ctrm.: 8 – 19th Floor<br><br>Judge: Hon. Jacqueline Scott Corley |

## I. Introduction

TEKsystems, Inc. ("TEK") concedes that where, as here, the only remedy sought in an Unfair Competition Law ("UCL") claim is restitution, the proper procedure for the Court is to remand that claim to state court. ECF No. 155 (Def.'s Opp.) at 7 ("Defendant concedes that the restitution relief that Plaintiffs seek under the UCL should be remanded.").[1] Plaintiffs have not sought injunctive relief as part of their UCL cause of action. Rather, they have only sought monetary restitution relief. Even if Plaintiffs had sought an injunction under the UCL in their complaint, they would not have Article III standing for such relief because they were no longer employed by TEK when they filed this action and do not allege prospective harm. *Linton v. Axcess Fin. Servs., Inc.*, No. 23 Civ. 01832, 2023 WL 4297568, at *3 (N.D. Cal. June 30, 2023). As such, the Parties are in agreement that the proper procedural step at this juncture is to remand the UCL claim to San Francisco Superior Court for adjudication.

The Court should also reject TEK's disingenuous argument that if the Court remands the UCL claim, it must revisit the substance of its class certification and partial summary judgment decisions. As a preliminary matter, TEK never argued that the Court lacked equitable jurisdiction over the UCL claim when the motions were briefed and thus, it waived the argument. Further TEK does not properly move for reconsideration. Even if the argument was not waived, it is meritless. There is no dispute that the Court had jurisdiction over the Labor Code claims and that the evidence on which the Court relied to certify the class and grant partial summary judgment pertained to the whole class period and not just the UCL's fourth year. There is no basis for the Court to reopen its rulings except to limit them to the three-year period under the Labor Code, i.e., from January 28, 2019 to the final judgment date, and to notify the small number of class members whose claims fall outside of that time period that the UCL claim has been remanded to state court.

---

[1] ECF citations are to the ECF-generated page numbers at the top of the documents.

## II. Argument

### A. Plaintiffs' UCL Claim Does Not Seek Injunctive Relief as a Remedy.

TEK's opposition wrongly asserts that Plaintiffs' UCL cause of action includes a request for prospective injunctive relief. In fact, the First Amended Complaint ("FAC") makes clear that the UCL claim is limited to restitution. The UCL cause of action (Sixth Cause of Action) expressly prays for *"restitution in the amount of the respective unpaid wages"* and for attorneys' fees and costs. ECF No. 1-2 at ¶¶ 100-01 (emphasis added). Nowhere in the UCL Cause of Action do Plaintiffs seek an order enjoining TEK's future practices.

While the FAC's general Prayer for Relief includes language about "injunctive relief" and "appropriate injunctive and equitable relief," those references are not specific to the UCL claim. *Id.* at 19-20. Plaintiffs have not pursued an injunction under the UCL in this case, and thus there is no "prospective" component of the UCL claim for this Court to retain.

TEK's reliance on this Court's decision in *Price v. Wells Fargo & Co.*, No. 22 Civ. 03128, 2022 WL 17821590, at *1 (N.D. Cal. Dec. 6, 2022) (Corley, J.)[2] is misplaced because, unlike here, in *Price*, the plaintiffs sought injunctive relief for the UCL claim and one of the plaintiffs was a current employee. *Price*, 2022 WL 17821590, at *1; No. 22 Civ. 03128, ECF No. 1 at ¶¶ 9, 112. Neither of which is true here.[3] *Supra*. Here, Plaintiffs have *only* requested restitution for the UCL claim, and the Parties are in agreement that there is an adequate remedy at law for that relief and that the claim should be remanded to state court. *See* ECF No. 155 (Def.'s Opp.) at 7. The Court also correctly noted in *Price* that "judicial economy" was not a basis for exercising jurisdiction

---

[2] In TEK's brief, it miscites to a different decision in the *Price v. Wells Fargo & Co.* matter. It cites to *Price v. Wells Fargo & Co.*, No. 22 Civ. 03128, 2022 WL 4225396 (N.D. Cal. Sept. 13, 2022), which does not include the quotations included in TEK's brief nor does it analyze equitable jurisdiction over UCL claims.

[3] In *Price*, the Court *dismissed without prejudice* plaintiffs' equitable claim for restitution under the UCL. *Price*, 2022 WL 17821590, at *2. This Court has subsequently noted that it may dismiss without prejudice *or* remand UCL claims over which it does not have equitable jurisdiction. *Belyea v. GreenSky, Inc.*, No. 20 Civ. 01693, 2023 WL 8701311, at *8 (N.D. Cal. Dec. 15, 2023) (Corely, J.) ("The Court notes, however, that even if Plaintiffs did have an adequate remedy at law, dismissal (or *remand*) would be without prejudice, not with prejudice as [defendant] requests.") (emphasis added).

over plaintiffs' UCL restitution claim "because Plaintiffs have an adequate remedy at law in state court regardless of any statute of limitations issues." *Price*, 2022 WL 17821590, at *2. As Plaintiffs only seek restitution relief for the UCL claim, the UCL claim should be remanded in its entirety.

### B. Plaintiffs Lack Standing under Article III to Seek Injunctive Relief.

Even if Plaintiffs *had* requested an injunction under the UCL, which they did not, they could not pursue it in federal court. A plaintiff must have Article III standing for each form of relief sought, including injunctive relief. *Linton*, 2023 WL 4297568, at *3. "To demonstrate Article III standing, a plaintiff must establish (1) that she has suffered an injury in fact, (2) that her injury is fairly traceable to a defendant's conduct, and (3) that her injury would likely be redressed by a favorable decision." *Id.* (citation cleaned up). "Past wrongs, by themselves, are insufficient to establish standing for injunctive relief." *Id.* TEK's opposition fails to address the fact that Plaintiffs did not plead "a sufficient likelihood that [they] will again be wronged in a similar way." ECF No. 155 (Def.'s Opp.) at 6 (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) but failing to apply that standard to this case).

As *former* employees of TEK who did not plead any personal need for prospective relief on the UCL claim, Named Plaintiffs do not have Article III standing to seek an injunction. *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) ("a former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief.").

TEK's suggestion that "the certified class in this case has Article III standing to seek . . . injunctive relief," ECF No. 155 (Def.'s Opp.) at 2, is unsupported by case law requiring one or more plaintiffs to have such standing to seek injunctive relief on behalf of the class. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011) (noting that former employee named plaintiffs "lack [Article III] standing to seek injunctive or declaratory relief against [defendant's] employment practices"); *see also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief. Any injury unnamed members of this proposed class may have

suffered is simply irrelevant to the question whether the named plaintiffs are entitled to the injunctive relief they seek."); *Ramirez v. Manpower, Inc.*, No. 13 Civ. 2880, 2014 WL 116531, at *7 (N.D. Cal. Jan. 13, 2014) ("Several district courts, including this one, have concluded that a former employee lacks standing to seek prospective injunctive relief on behalf of a putative class containing both former and current employees.").

### C. The Court Should Not Revisit the Substance of Its Class Certification and Partial Summary Judgment Rulings.

#### 1. TEK Waived Any Argument that the Court Lacked Jurisdiction to Decide Plaintiffs' Class Certification and Partial Summary Judgment Motions.

TEK waived its meritless argument that the Court should not have granted Plaintiffs' class certification and partial summary judgment motions based (in small part) on evidence from the fourth year of the UCL period because the Court lacked equitable jurisdiction over that claim. *See Yonemoto v. McDonald*, No. 11 Civ. 00533, 2015 WL 1863033, at *7 (D. Haw. Apr. 22, 2015) ("a party's failure to raise an issue in opposition to a motion for summary judgment operates as a waiver of that issue.") (citing *Image Tech. Serv., Inc. v. Eastman Kodak*, 903 F.2d 612, 615 n. 1 (9th Cir.1990)). "Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum [in opposition]." Civ. L.R. 7-3(a). Therefore, TEK waived any challenge to the admissibility of evidence on which Plaintiffs relied in support of their motions by failing to raise it in its opposition briefs.

Further, to the extent TEK now asks the Court to reconsider its rulings, the Court should deny the request. *See* Civ. L.R. 7-9(a) (requiring parties to obtain leave of the Court before filing motions to reconsider). Under Federal Rule of Civil Procedure 54(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Yepez v. Kirkland*, No. 03 Civ. 3874, 2006 WL 1409402, at *1 (N.D. Cal. May 18, 2006) (quoting *School Dist. No. 11 v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993)).

"Regardless of the rule under which they are brought, motions to reconsider are generally disfavored, and are not granted absent a change in the law, newly discovered evidence, or manifest error or injustice." *Mateos-Sandoval v. Cnty. of Sonoma*, No. 11 Civ. 5817, 2013 WL 415588, at *1 (N.D. Cal. Jan. 31, 2013); *see also Gray v. Golden Gate Nat. Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011) ("Generally, motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs.").

Here, TEK has failed to show (or even argue) that any of the bases for reconsideration apply. Rather, TEK appears to be challenging the admissibility of evidence relating to the fourth year of the UCL statute of limitations period to the extent the Court relied on such evidence in granting Plaintiffs' motions. However, as discussed below, the Court's rulings were based on uniform evidence of TEK's classification policy that did not vary across the class period. Likewise, the Court already found that Plaintiffs were typical of the class members and rejected TEK's argument that their work experiences were dissimilar based on tenure. *Avery v. TEKsystems, Inc.*, No. 22 Civ. 02733, 2024 WL 590364, at *6 (N.D. Cal. Feb. 13, 2024) ("TEK does not explain how any of these facts are relevant to the claims or defenses of this case."). As such, TEK has no basis to file a motion to reconsider either the partial summary judgment order or the class certification order.[4]

---

[4] Alternatively, the Court should simply disregard TEK's request because TEK failed to properly raise it. Under the local rules and legal precedent, a party must submit an independent motion supporting any request for new relief. Civ. L.R. 7-1(a) (stating that "[a]ny written request to the Court for an order *must* be presented by one of [six specified] means," none of which include a written request made in response to another party's motion) (emphasis added); *Largan Precision Co. v. Fujinon Corp.*, No. 10 Civ. 1318, 2011 WL 1226040, at *5 (N.D. Cal. Mar. 31, 2011) ("It is black letter law that a party seeking to obtain an Order from the Court does so by filing a motion."). A party cannot request "affirmative" relief only in its "opposition" to another's party's motion. *See e.g., Largan*, 2011 WL 1226040, at *5. TEK's request to reopen briefing on summary judgment and certification appears only in TEK's response to Plaintiffs' motion to remand. ECF No. 155 (Def.'s Opp.) at 6-7. That request is procedurally improper.

As a result, the Court has full discretion to ignore TEK's request. *Banga v. First USA, NA*, No. 10 Civ. 0975, 2013 WL 12324701, at *6 (N.D. Cal. Mar. 29, 2013) ("A motion that fails to comply with the Court's Local Rules need not be considered by the Court."). Plaintiffs ask that the Court exercise this discretion if the Court does not deny TEK's request outright. This is because a "moving party cannot be expected to both respond to opposing arguments and oppose a completely

### 2. The Court Relied on Uniform Policies, Not Evidence Specific to the UCL's Fourth Year, to Grant Plaintiffs' Motions.

As TEK concedes, all the Plaintiffs worked within the Labor Code's three-year statute of limitations. TEK fails to point to any evidence on which the Court relied to grant Plaintiffs' motions that applied only to the UCL's fourth year. There is no dispute that the relevant policies—TEK's classification of Recruiters as exempt administrators and Recruiters' job duties—remained the substantially the same during the relevant statute of limitations periods. Critically, the Court did not find that TEK only misclassified Recruiters for a portion of the limitations period or that the policies varied from year to year. Further, TEK cites no case law to support its proposition that the Court cannot consider evidence outside the Labor Code's three-year statute of limitations period. Where, as here, Plaintiffs challenge a longstanding illegal policy, such as misclassifying workers as exempt from overtime, courts regularly consider evidence that both predates the statute of limitations and during the statute of limitations. *See, e.g., E. Ohman J:or Fonder AB v. NVIDIA Corp.*, 81 F.4th 918, 939 (9th Cir. 2023) (finding that an employee's testimony about practices in the period immediately preceding the class period was relevant and probative of the defendant's conduct and knowledge during the class period); *Webb v. SolarCity Corp.*, 884 F.3d 844, 851 n.1 (9th Cir. 2018) (holding that courts may consider evidence predating the class period because it can confirm what a defendant should have known during the class period).

### 3. The Court Has Not Reached the Merits of Plaintiffs' UCL Claim.

TEK's argument that the Court may not reach a merits decision on legal claims *unrelated* to equitable jurisdiction without first considering if it has equitable jurisdiction over equitable claims is contrary to Ninth Circuit precedent. *See, e.g., Key v. Qualcomm Inc.*, 129 F.4th 1129, 1141, 1145-47 (9th Cir. 2025) (vacating the district court's summary judgment decision as to the UCL claim *only* and affirming summary judgment as to the claims over which the court had jurisdiction). The case on which TEK primarily relies is inapposite. It involved a pending motion

---

new motion in a reply." *Max Sound Corp. v. Google LLC*, No. 14 Civ. 04412, 2018 WL 1697107, at *2 (N.D. Cal. Apr. 6, 2018).

for class certification of *only* equitable claims, which the court remanded to state court before it ruled on class certification. *Cohen v. Copart Inc.*, No. 24 Civ. 03268, 2025 WL 1112658, at *4 (C.D. Cal. Apr. 4, 2025) (appeal pending) (specifically noting that a court cannot consider the merits "of a claim seeking *such* relief" before determining whether it has equitable jurisdiction). (emphasis added).[5] That is, in order to make a merits determination on a specific claim, the court must have jurisdiction over that specific claim. *Key*, 129 F.4th at 1142. TEK cites no case law, because none exists, that where a court lacks equitable jurisdiction over a specific equitable claim, it cannot consider the merits of *other* legal claims. And, here, the Court has not issued any injunction or restitution award on the UCL claim. TEK does not assert that the Court does not have jurisdiction over Plaintiffs' remaining claims.

The Court's partial summary judgment ruling addressed one issue: TEK's administrative exemption affirmative defense under the Labor Code. *Avery v. TEKsystems, Inc.*, No. 22 Civ. 02733, 2024 WL 4281442, at *1 (N.D. Cal. Sept. 23, 2024) (Corely, J.). The Court held that, viewing the record in TEK's favor, "a reasonable trier of fact could not find TEK's Recruiters meet all the requirements of California's administrative exemption," and thus granted partial summary judgment to Plaintiffs on that defense. The Court did not rule on the merits of Plaintiffs' wage claims under the Labor Code, or derivatively, their right to restitution under the UCL.

Similarly, in granting class certification, the Court relied on evidence of common job duties, classification policies, and overtime and break policies, and found that any individualized issues did not predominate. *Avery*, 2024 WL 590364, at *1. In reaching its decision, the Court relied in large part on declarations that TEK submitted. *Id*. at *1-2, *5, *8-10, *12-13. The Court was not required to determine its jurisdiction over the UCL claim before determining if a class should be certified as to the Labor Code claims or whether TEK's affirmative defense under the Labor Code had merit.

---

[5] TEK's reliance on *Guzman* for this proposition is equally misplaced because the *only* claim remaining in *Guzman* was the UCL claim. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311 (9th Cir. 2022).

### 4. The Court Can Amend the Class Definition and Order Supplemental Notice.

The Court should sever and remand the UCL claim. *See Morgan v. Rohr, Inc.*, No. 20 Civ. 574, 2023 WL 7713582, at *1 (S.D. Cal. Nov. 15, 2023) (after granting class certification, severing and remanding the UCL claim), *appeal dismissed sub nom. Morgan v. Hamilton Sundstrand Corp.*, No. 23-4236, 2024 WL 1152284 (9th Cir. Feb. 28, 2024). In doing so, the Court should amend the temporal scope of the class definition from four years to three years, *i.e.*, the beginning of the class period will now be January 28, 2019.

"[M]odification of the class definition falls squarely within the confines of Supreme Court precedent and Rule 23(c)(1)(C), which give courts broad discretion to alter or amend a class definition considering subsequent developments in a case." *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, No. 15 Civ. 00799, 2020 WL 230204, at *3 (E.D. Cal. Jan. 15, 2020) (citation cleaned up). Courts may amend class definitions *sua sponte*. *See, e.g., Haas v. Travelex Ins. Servs. Inc.*, No. 20 Civ. 06171, 2023 WL 2347427, at *6 (C.D. Cal. Jan. 10, 2023) ("a district court has discretion to permit a revision of a class definition sua sponte"); *Stemple v. QC Holdings, Inc.*, No. 12 Civ. 01997, 2014 WL 4409817, at *8 (S.D. Cal. Sept. 5, 2014) (sua sponte amending the class definition).

In *Foster v. Adams & Assocs., Inc.*, this Court previously noted that changing the end date of a certified class did "not alter the reasoning underlying the Court's prior Order granting class certification." No. 18 Civ. 02723, 2021 WL 4924849, at *3 (N.D. Cal. Oct. 21, 2021) (Corley, J.). Here, the only alteration needed to the Court's class certification order is to modify the beginning of the class period, from January 28, 2018 to January 28, 2019. As a result of that change, 52 of the 542 Recruiters in the class will no longer be part of the certified class because their employment with TEK terminated prior to January 28, 2019. Should the Court grant Plaintiffs' motion to remand the UCL claim, Plaintiffs propose that the Court: (1) amend the class definition to "current and former Recruiters employed by TEK from January 28, 2019 to the final date of judgment"; and (2) order notice to the 52 Recruiters no longer part of the certified class informing them that

the class definition no longer includes their dates of employment and that the UCL claim, under which they may be entitled to recovery, has been remanded to San Francisco Superior Court.

### III. Conclusion

For the foregoing reasons and the reasons set forth in Plaintiffs' moving brief, ECF No. 154, Plaintiffs respectfully request that the Court sever the UCL cause of action (Count Six of the FAC) and remand that claim to San Francisco Superior Court for adjudication. Further, Plaintiffs propose that the Court: (1) amend the class definition to "current and former Recruiters employed by TEK from January 28, 2019 to the final date of judgment"; and (2) order notice to the 52 Recruiters no longer part of the certified class informing them that the class definition no longer includes their dates of employment and that the UCL claim, under which they may be entitled to recovery, has been remanded to San Francisco Superior Court.

Dated: August 12, 2025                    Respectfully submitted,

/s/ Sally J. Abrahamson
Sally J. Abrahamson (admitted *pro hac vice*)
WERMAN SALAS P.C.
609 H Street NE, 4th Floor
Washington, D.C. 20002
Tel: (202) 830-2016
Email: sabrahamson@flsalaw.com

Douglas M. Werman (admitted *pro hac vice*)
Maureen A. Salas (admitted *pro hac vice*)
Anne Kramer (SBN 315131)
WERMAN SALAS P.C.
77 W. Washington St., Suite 1402
Chicago, IL 60602
Tel: (312) 487-5221
Email: dwerman@flsalaw.com
Email: msalas@flsalaw.com
Email: akramer@flsalaw.com

Sarah Schalman-Bergen (admitted *pro hac vice*)
Krysten Connon (admitted *pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000

Boston, MA 02116
Tel: 617-994-5830
Email: ssb@llrlaw.com
Email: kconnon@llrlaw.com

Rachel Bien (SBN 315886)
OLIVIER & SCHREIBER LLP
595 E. Colorado Blvd., Suite 418
Pasadena, CA 91101
Tel: (213) 325-3430
Email: rachel@os-legal.com

*Attorneys for Plaintiffs and the Class*