UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BO AVERY, PHOEBE RODGERS, KRISTY CAMILLERI, and JILL UNVERFERTH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEKSYSTEMS, INC.,<br><br>Defendant. | Case No. 22-cv-02733-JSC<br><br>**ORDER RE: MOTION TO REMAND UNFAIR COMPETITION CLAIM**<br><br>Re: Dkt. No. 154 |

A certified class of Recruiters for TEKsystems, Inc. ("TEK") allege TEK improperly classifies them as exempt from California overtime, wage, and hour laws and therefore illegally underpays recruiters. (Dkt. No. 1-2.)[1] Plaintiffs filed this action in California state court and Defendants removed it to this Court. (Dkt. No. 1.) Now pending before the Court is Plaintiffs' motion to sever and remand the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., claim to state court. (Dkt. No. 154.) Having carefully considered the parties' submissions, and with the benefit of oral argument on October 2, 2025, the Court GRANTS Plaintiffs' motion to remand the UCL claim. The parties agree Plaintiffs' UCL claim for restitution has an adequate remedy at law, and Plaintiffs disavow seeking injunctive relief under the UCL. The Court therefore lacks equitable jurisdiction over the UCL claims and remands them to state court. Given the limitations period for the remaining claims, the Court amends the class definition to have a start date of January 28, 2019, and orders notice to the Recruiters no longer

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

included in the class.

## BACKGROUND

TEK is an information technology ("IT") staffing and services company with employees holding various recruiting positions. (Dkt. No. 128 at 1-2.) This action involves one position, "Recruiters," who source and screen candidates to find IT consultants who match the job requirements provided by TEK's clients. (*Id.* at 2.) Recruiters allege TEK routinely required them to work overtime, but classified Recruiters as exempt under California overtime laws and did not pay them overtime wages. (Dkt. No. 1-2 ¶¶ 56-57.)

On January 28, 2022, Plaintiffs filed a putative class action against TEK in the California Superior Court for the County of San Francisco. (Dkt. No. 1-1.) A few months later, Plaintiffs filed an amended complaint alleging TEK (1) failed to pay overtime wages (Cal. Lab. Code §§ 510, 1194, 1198); (2) failed to pay timely wages during employment and upon termination (Cal. Lab. Code §§ 201-03); (3) failed to provide and maintain accurate wage statements (Cal. Lab. Code §§ 226, 1174); (4) violated meal break requirements (Cal. Lab. Code §§ 226.7, 512); and (5) violated rest break requirements (Cal. Lab. Code § 226.7). (Dkt. No. 1-2 ¶¶ 69-93.) Plaintiffs also assert violations of the UCL and California's Private Attorney General Act, Cal. Lab. Code § 2698, et seq. (*Id.* ¶¶ 94-110.) Plaintiffs' UCL claim seeks "restitution in the amount of the respective unpaid wages earned and due," as well as "recovery of attorneys' fees and costs." (Dkt. No. 1-2 ¶¶ 100-01.) In their Prayer for Relief, Plaintiffs sought damages, "[a]ppropriate injunctive and equitable relief," and other remedies. (*Id.* at 19-20.) TEK removed the case to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (Dkt. No. 1.)

The Court certified "a class of all current and former Recruiters employed by [TEK] in California from January 28, 2018 to the final date of judgment," and "a subclass of all class members who worked for [TEK] as Recruiters on or after January 28, 2019 and who are no longer employed by [TEK] and have not been employed by [TEK] for more than 72 hours." (Dkt. No. 84 at 26.) The Court also denied TEK's motion to compel arbitration, which TEK has appealed to the Ninth Circuit, and granted Plaintiffs' motion for partial summary judgment on TEK's administrative exemption affirmative defense under California's Labor Code. (Dkt. Nos. 125,

127, 128.)

Plaintiffs now seek to sever and remand their UCL claim to state court. (Dkt. No. 154.)

**DISCUSSION**

**I.    MOTION TO REMAND**

Unlike state courts, federal courts must have equitable jurisdiction to hear the merits of an equitable claim. *See Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022). Federal courts have equitable jurisdiction only when a plaintiff has no adequate legal remedy based on the same harm. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020). So, if monetary damages provide an adequate remedy, a federal court may not consider the merits of equitable claims for restitution or injunctive relief. *See Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992). "[E]quitable relief must be withheld when an equivalent legal claim would have been available but for a time bar." *Guzman*, 49 F.4th at 1312. Plaintiffs bear the burden of establishing they lack an adequate legal remedy before they can obtain equitable relief. *See Sonner*, 971 F.3d at 844. Ultimately, "when a case is removed from state court and the district court concludes it lacks equitable jurisdiction, the court has the authority to remand the case to state court" or dismiss the case without prejudice. *Ruiz v. Bradford Exch., Ltd.*, --- F.4th ---, No. 24-3378, 2025 WL 2473007, at *5 (9th Cir. Aug. 28, 2025).

The parties agree the Court lacks equitable jurisdiction to hear Plaintiffs' claim for restitution under the UCL. Because Labor Code claims have a three-year statute of limitations, and UCL claims have a four-year statute of limitations, Plaintiffs assert a UCL claim for restitution of unpaid overtime wages for the fourth preceding year, "essentially a one-year tail of additional overtime." (Dkt. No. 154 at 2.) In *Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308 (9th Cir. 2022), the Ninth Circuit held a plaintiff asserting UCL claims alongside California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq., claims had an adequate legal remedy in the CLRA claims, even though those claims were time barred. *Id.* at 1313. Like the *Guzman* plaintiff, Plaintiffs have an adequate legal remedy in their Labor Code claims, despite the shorter statute of limitations, and the Court therefore lacks equitable jurisdiction to hear their UCL claim for restitution.

3

1    However, TEK argues Plaintiffs assert UCL claims for injunctive relief for which the
2    Court retains equitable jurisdiction. According to TEK, Plaintiffs' Prayer for Relief, which
3    includes a request for "[a]ppropriate injunctive and equitable relief, including an order enjoining
4    Defendant from continuing its unlawful practices," demonstrates Plaintiffs seek injunctive relief
5    under the UCL. (Dkt. No. 155 at 4; Dkt. No. 1-2 at 20.) Plaintiffs deny seeking injunctive relief
6    under the UCL, and cite their UCL cause of action, which only specifies restitution and recovery
7    of attorneys' fees and costs. (Dkt. No. 156 at 2; Dkt. No. 1-2 ¶¶ 100-01). At oral argument,
8    Plaintiffs agreed to dismiss any and all claims for injunctive relief, to the extent such claims exist,
9    without prejudice and without leave to amend. So, Plaintiffs do not assert UCL claims for
10   injunctive relief for which the Court retains equitable jurisdiction.

11   As Plaintiffs point out, the Ninth Circuit's recent decision in *Ruiz v. Bradford Exch., Ltd.*,
12   No. 24-3378, 2025 WL 2473007 (9th Cir. Aug. 28, 2025), allows TEK to "defeat remand on
13   equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue." *Id.* at \*9. At oral
14   argument, TEK stated it does not waive the adequate-remedy-at-law issue. So, the Court lacks
15   equitable jurisdiction to hear Plaintiffs' UCL claims. Because TEK does not argue for dismissal,
16   the Court grants Plaintiffs' request to sever and remand the UCL claim to state court.

17   **II.    PRIOR CLASS CERTIFICATION AND SUMMARY JUDGMENT ORDERS**
18   TEK argues because the Court lacks equitable jurisdiction over the UCL claims, it lacked
19   equitable jurisdiction to decide Plaintiffs' motions for class certification and for partial summary
20   judgment. As an initial matter, TEK has not sought leave to file a motion for reconsideration. *See*
21   N.D. Cal. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining
22   leave of Court to file the motion."). Furthermore, TEK did not raise the issue of equitable
23   jurisdiction in its briefing or argument on either of Plaintiffs' motions. As the Ninth Circuit
24   recently clarified, "the adequate-remedy-at-law objection [i]s waivable," and, unlike subject
25   matter jurisdiction, "district courts have [no] independent obligation to assess equitable
26   jurisdiction." *See Ruiz*, 2025 WL 2473007, at \*8. So, TEK likely has waived any objection to
27   class certification or partial summary judgment based on the Court's lack of equitable jurisdiction
28   over the UCL claims.

4

The Court nevertheless amends the class definition and orders supplemental notice. Plaintiffs ask the Court to remove class members who are eligible for relief only through UCL claims and not through Labor Code claims: specifically, Recruiters whose employment terminated before January 28, 2019 and who therefore rely on the UCL's four-year statute of limitations for restitution. The Court agrees to amend the class definition from "all current and former Recruiters employed by Defendant in California from January 28, 2018 to the final date of judgment" to "all current and former Recruiters employed by Defendant in California from January 28, 2019 to the final date of judgment." Because TEK's policies remained substantially consistent over the entire class period, (Dkt. No. 84 at 15, 19), changing the class's start date does not affect the reasoning underlying the Court's class certification order, and the Court can amend the class definition. *See Foster v. Adams & Assocs., Inc.*, No. 18-cv-02723-JSC, 2021 WL 4924849, at *3 (N.D. Cal. Oct. 21, 2021) (changing certified class end date when change does "not alter the reasoning underlying the Court's prior Order granting class certification"); *see also Haas v. Travelex Ins. Servs. Inc.*, No. CV 20-06171 PSG (PLAx), 2023 WL 2347427, at *6 (C.D. Cal. Jan. 10, 2023) ("[A] district court has discretion to permit a revision of a class definition *sua sponte*.").

Plaintiffs note 52 of the 542 Recruiters in the previously certified class will not be members of the amended certified class because their employment with TEK terminated prior to January 28, 2019. The parties must provide notice to these 52 Recruiters explaining the class definition no longer includes their dates of employment and informing them the UCL claim, under which they might be entitled to recovery, has been remanded to the San Francisco Superior Court.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion to remand the UCL claim. The Court also amends the certified class definition to include: (1) a class of all current and former Recruiters employed by Defendant in California from January 28, 2019 to the final date of judgment; and (2) a subclass of all class members who worked for Defendant as Recruiters on or after January 28, 2019 and who are no longer employed by Defendant and have not been employed by Defendant for more than 72 hours.

The parties are directed to meet and confer regarding proposed notice for the 52 Recruiters

5

no longer included in the class. The further case management conference set for November 19, 2025 remains on calendar. An updated joint case management conference statement is due one week in advance.

This Order disposes of Docket No. 154.

**IT IS SO ORDERED.**

Dated: October 7, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge